P. H. GROESBECK ET AL. V MOLLIE W. GROESBECK.

No. 6512.

1. **Petition—Cause of Action.**—In a suit by a widow to set aside a deed made by her deceased husband and herself, alleged to be in fraud of the rights of plaintiff, she alleged "that she is the widow of Charles F. Groesbeck, deceased, who died intestate

without child or children, leaving his mother and two brothers surviving, possessed at the time of his death of certain real and personal property in this State; that as surviving wife she is entitled to all the personal property of the estate of the deceased, and that the deed sought to be annulled changed her right to take the property in accordance with law " *Held*, these allegations show in her a sufficient interest in the deed to have it vacated if illegal or void.

2.  **Practice.**—Under a general demurrer the right of the widow to bring such suit (to annul a deed affecting her interest in the estate) could not be raised for the reasons that it was not shown that there was no administration, or that the administration had been closed, or that there was fraud or collusion between the administrator and the person holding the property belonging to the estate, or that there were no debts against the estate.

3.  **Suit to Annul a Deed of Deceased During Administration.** — It seems that the District Court would have jurisdiction to entertain a suit to set aside a deed by the deceased alleged to be in fraud of the rights of the plaintiff, and that such jurisdiction would not be affected by probate proceedings in the estate.

4.  **Pleading.** — In a suit to avoid a deed made by a deceased and brought by his widow the trial court properly sustained exceptions to so much of the answer of the beneficiary in the deed so attacked setting up a money demand against the plaintiff or against the deceased.

5.  **Marriage Contract.**—Husband and wife can not alter the legal order of descent in respect to themselves or their children by contract made in contemplation of marriage, and for a stronger reason they can not do so by contract during marriage.  See example. Rev. Stats., art. 2847.

6.  **Antenuptial Contract.**—Without reference to an antenuptial contract which was attacked by the postnuptial agreement, the latter, in attempting to alter the legal descent of property, was illegal and void.

APPEAL from Bexar.  Tried below before Hon. G. H. Noonan.  The opinion gives a statement.

*McLeary & King, Barnard & Green,* and *J. S. Carr,* for appellants. 1.  The heir can not maintain a suit for the cancellation of a deed or for recovery of property belonging to an estate without bringing herself within one of the following exceptions:  That there is no administration, or that administration has been closed or no administrator acting, or that there is fraud or collusion between the administrator and person holding property belonging to the estate, or that no debts exist against the estate. Webster v. Willis, 56 Texas, 472; Patton v. Gregory, 21 Texas, 517; Moore v. Morse, 2 Texas, 403; McIntyre v. Chappell, 4 Texas, 192; Lacey v. Williams, 8 Texas, 187; Newson v. Chrisman, 9 Texas, 118; Walker v. Abercrombie, 61 Texas, 73.

2.  Until the plaintiff under the issues of this case established the fact that Charles F Groesbeck died intestate and seized of property upon which the postnuptial agreement cast a cloud she could not recover, because the fact was put in issue.  Chinn v. Taylor, 64 Texas, 385; Smith v. Montes, 11 Texas, 24; Deen v. Wills, 21 Texas, 642; Moody v. Holcombe, 26 Texas, 714; Keys v. Mason, 44 Texas, 140; Herrington v. Williams, 31 Texas, 449; O'Neal v. Manning, 48 Texas, 403; Abb. Tr.

Ev., p. 718; Winz v. Sherrer, 77 Ill., 200; Bocheo v. Lansing, 13 Hun, 38; Bailey v. Briggs, 56 N. Y., 407; Fonda v. Sage, 48 N. Y., 173; Hartman v. Reed, 50 Cal., 485; Horton v. Smith, 18 How., 393.

*Gammage & Gregg, Simpson & James* and *W. H. Young*, for appellee. 1. Under the statutes of Texas any agreement made between husband and wife the object of which is to alter a contract made before marriage and in contemplation of marriage is null and void. Rev. Stats., art. 2849.

2. It is contrary to the policy of the laws of Texas for a husband and wife to make a contract *inter sese* which is intended to change the order of descent or the status of property and to operate as a will. Rev. Stats., art. 2854; Cox v. Miller, 54 Texas, 24; Green v. Ferguson, 62 Texas, 529.

3. The County Court setting for probate matters is without jurisdiction to cancel an instrument of writing; and the existence of the postnuptial contract sought to be set aside in this case, so long as it remained unvacated, precluded appellee from being recognized as an heir in the Probate Court. Hence it is submitted as a proposition that plaintiff's only course was to seek the proper court to set aside such instrument in order to enable her to participate in the administration of the estate in the County Court.

COLLARD, JUDGE.—Charles F. Groesbeck, of San Antonio, Texas, and Mollie W. Styles, of Alabama, both temporarily at Aberdeen, Mississippi, both of age, and deaf mutes, on the 6th day of May, 1884, intermarried in Aberdeen, and immediately after the marriage came to San Antonio with P. H. Groesbeck, the mother of Charles, her home, where they lived together until the 2nd of July, 1884, at which time Charles F. Groesbeck died intestate.

Prior to the marriage, and in contemplation thereof, an antenuptial agreement was made between Charles F. and Mollie W., to-wit, on the 29th of April, 1884, at Aberdeen, Mississippi, signed by the parties and attested by two subscribing witnesses. Mollie W. had considerable property in lands, bonds, and notes in Alabama in the hands of her uncle, Wm. W. Garth, of Alabama, who had and held the same in trust for her. The antenuptial agreement left this property in his hands in trust, free from the control of her husband and free from liabilities of his or their debts, all the property subject to the control of such equity courts of Alabama as had jurisdiction of the same. It was provided that in case she died intestate her estate should descend to persons that would take the same under the laws of Alabama, just as if the instrument had never existed; that is, one-half the personalty would pass to her husband and a life estate in the realty. Other provisions were made for descent to a child or children, if any, and if none to other kindred.

At the time of Charles Groesbeck's death he owned various tracts and

interests in lands in Texas.    On the 27th day of June, 1884, five days before his death, Charles F., being the owner of these lands, and Mollie W., his wife, executed an agreement by which in case he died without issue of his marriage his property was to descend and be distributed among his heirs as if no marriage had ever taken place between him and his wife, so depriving her of his personal property and one-half of the real estate to which she would be entitled under the laws of this State; also revoking the antenuptial agreement.

She brought this suit August 15, 1885, over one year after his death, to set aside the postnuptial agreement, against P. H. Groesbeck, the mother of deceased, J. N. Groesbeck, and Henry S. Groesbeck, his two surviving brothers, heirs at law.

Several causes are set up in the petition and relied on to vacate the agreement of the 27th of June, 1884; that it was obtained by fraud and coercion on the part of Mrs. P. H. Groesbeck; that they were to some extent incapacitated by their affliction from understanding business; that Mrs. P. H. Groesbeck had great influence over them and used it unduly to induce them to execute the agreement; that plaintiff and her husband, by misrepresentations of Mrs. P. H. Groesbeck and her attorney, were made to believe that the uncle of plaintiff intended to use the deed of trust and his powers thereunder to take and appropriate to his own use her property, and that she and her husband signed the deed of the 27th of June, revoking the trust deed and taking her property from the custody of her uncle, to prevent his robbing her of it.    It was also set up that the instrument executed after marriage was contrary to public policy and the laws of this State, and was null and void.    Upon trial by a jury they returned a verdict for plaintiff, and the instrument was vacated and adjudged null and void.    Defendants appealed.

The first assignment of error is that the court erred in overruling defendants' general exception to the petition as amended, because it sought to cancel a contract concerning property without first alleging the plaintiff's title thereto or her possession thereof, and because the same sought to remove a cloud to the title of lands without the plaintiff having alleged ownership or interest in any of the land from which the cloud is sought to be removed.

This assignment can not be sustained.    The suit is to annul and vacate the postnuptial agreement.    Plaintiff's petition shows that she is the surviving wife of Charles F. Groesbeck, deceased, who died intestate without child or children, leaving his mother and two brothers surviving him, possessed at the time of his death of certain real and personal property in this State; that as such surviving wife she is entitled to all of the personal property of the estate of deceased and one-half of the real property, and that the deed sought to be annulled changed her right to take the prop-

erty in accordance with law. These allegations show in her a sufficient interest in the deed to have it vacated if illegal or void.

The object of the suit was to have the deed annulled, so that it would not be a cloud upon her rights to a distributive share in the real and personal estate of decedent under the law, and to enable her to assert her rights in the administration of the estate or before the courts. The averments were broad enough to support the prayer and the judgment vacating and annulling the instrument.

Under the foregoing assignment appellants present a proposition which seems to us to be wholly foreign to the assignment. It is that " the heir can not maintain a suit for the cancellation of a deed or for recovery of property belonging to an estate without bringing herself within one of the following exceptions: That there is no administration, or that the administration has been closed, or that there is fraud or collusion between the administrator and person holding property belonging to the estate, or that no debts exist against the estate."

If this or these propositions should be noticed at all, it is, we think, sufficient to say that no questions of the kind were made in the court below. There was no plea filed raising the question—only a general demurrer. The parties interested were before the court—the mother and two brothers of deceased, his only heirs besides the plaintiff. The matter in issue could be litigated between the parties in the District Court without administration, and hence we think a general demurrer could not reach the irregularity now complained of. It was waived.

We also think that if there had been administration pending the District Court would have had jurisdiction to entertain the cause to set aside the deed. In Howze v. Howze, 14 Texas, 233, it was decided that the District Court had original jurisdiction to construe a clause in a will. In the case of Purvis v. Sherrod, 12 Texas, 140, the same doctrine was declared, where the suit was brought by the executor against the heirs and legatees to have a will construed. See also Little v. Birdwell, 21 Texas, 597. Hawes & Duncan v. Foote, 64 Texas, 22, is to the same effect. It was held in Wadsworth v. Chick, 55 Texas, 242, that the Probate Court had no jurisdiction of a suit between the administrator and one claiming property of the estate under a gift *causa mortis*. It has been decided in this State that the Probate Court can not determine title to land between the estate and strangers, even when the question arises in a matter over which the court has jurisdiction, as where the administrator is required, over his protest, on the application of the heirs to inventory as belonging to the estate land that he claims as his own. His claim is not concluded by such an order. White v. Shepperd, 16 Texas, 163. Or where the contest between heirs and creditors is whether the property is community property of the husband and wife or her separate property, and the administrator is ordered to sell the property as community to pay debts, the heirs are

not concluded by such decree.    Bradley v. Love, 60 Texas, 472; Mayo v. Tudor, 74 Texas, 471.

It is the duty of the Probate Court in proceeding to the partition of an estate to ascertain who the persons are that are by law entitled to partition and distribution and their respective shares (Rev. Stats., art. 2105; Pasch. Dig., art. 1358); but where there are disputes affecting title growing out of deeds and conveyances between the heirs, under which some of them claim more than their shares as heirs at law, it seems that the questions ought to be settled by the District Court.    At least under the authorities the District Court may entertain the cause, and if the Probate Court have the same power it is concurrent with that of the District Court.

The second assignment of error is that the court erred in sustaining the third demurrer of plaintiff to so much of defendants' second amended original answer as seeks to have established against the plaintiff a money claim or demand.

If the estate of Charles F. Groesbeck is indebted to defendant P. H. Groesbeck, or if plaintiff is indebted to her, it can not be set up in this action.    This is not a suit for property or for account with Mrs. Groesbeck and settlement of any estate of Charles F. Grosbeck that is now or may have been in her possession; it is a suit to vacate a postnuptial agreement.    What might be due to the estate of Charles F. on final settlement with his mother or what the plaintiff might owe her would be no defense to this action.

We think the court below, without regard to averments and proof of fraud and undue influence on the part of Mrs. P. H. Groesbeck, should have instructed the jury to find for the plaintiff on the ground that the agreement sought to be set aside was such an agreement as the husband and wife had no power to make.    The agreement was intended to change the law of descent, and at the death of the husband deprive the wife of her distributive share of his property under the law.    Husband and wife can not alter the legal order of descent in respect to themselves or their children by contract made in contemplation of marriage, and by a much stronger reason they can not do so by contract during marriage.    Rev. Stats., arts. 2847; Cox v. Miller, 54 Texas, 24.

Without reference to the fact that there was an antenuptial agreement which the postnuptial agreement illegally pretended to revoke, this contract was such as could not be made between husband and wife and was void.    This being the law of the case, no other supposed errors need be considered.    Our conclusion is that the judgment of the lower court should be affirmed.

*Affirmed.*

Adopted November 25, 1890.