### YOUNGS et al. v. YOUNGS.
No. 1349—5483.

Commission of Appeals of Texas, Section A.
April 9, 1930.

See, also, 26 S.W.(2d) 195.

R. B. Russell, R. L. Neal, and E. P. Lipscomb, all of San Antonio, for plaintiffs in error.

J. W. Ragsdale, of Victoria, and Bergstrom & Sehorn, of San Antonio, for defendant in error.

CRITZ, J.

This suit was brought by Mrs. Ross Youngs in her own behalf, and as next friend for her child, Carolyn Frances Youngs, against Mrs. Henrie M. Youngs, to recover certain real estate and personal property alleged to have been conveyed to the defendant, Mrs. Henrie M. Youngs by Ross Youngs, the deceased husband and father, respectively, of the plaintiffs, during his lifetime. The petition seeks to cancel and annul a deed from the said Ross M. Youngs to the defendant, and to recover for the plaintiffs in their own right and name the title and possession of the land. Also the petition seeks· recovery in the names of the plaintiffs the sum of $5,000, alleged rent on said land, and a further sum of $25,000 for money and personal property alleged to have been appropriated by the defendant which is alleged to be the community property of Mrs. Ross Youngs and her deceased husband. The petition is rather short, and we reproduce it here. Omitting formal parts, it reads as follows:

"1. That she is the surviving widow of Ross Youngs, deceased, who died in Bexar County, Texas, October 22nd., 1927; that she was married to the said Ross Youngs, deceased, in Brooklyn, New York, October 11th., 1924, and as a result of said marriage one child was born December 4th., 1925, named Carolyn Frances Youngs.

"Plaintiff represents to the Court that her deceased husband was the owner of the West Sixty (60) feet of Lot Number Five (No. 5) in Block Number One (No. 1), City Block Seven Hundred Seventy Four (774), San Antonio, Texas, and being the same property conveyed to Ross M. Youngs by J. A. Nix and wife on November 18th., 1922, said deed being recorded in Volume 699 at page 399 et sec. of the Deed Records of Bexar County, Texas; That on the 22nd. day of October, A. D. 1927, the defendant unlawfully entered upon the said premises and unlawfully withholds the same from the possession of this plaintiff and her daughter, to their damage in the sum of Thirty Thousand ($30,000.00) Dollars.

"Plaintiff further says that she is entitled in her own right to an undivided One-third (⅓) life interest in said property and that her minor child, Carolyn Frances Youngs, is the only child of Ross Youngs, Deceased, and as such child is entitled to all of said property subject only to the undivided One-third (⅓) life estate in said property of the plaintiff.

"That on or about the 19th. day of February, A. D. 1927, the defendant secured from Ross M. Youngs a deed to said property purporting to convey to her all of the title thereto, but the plaintiff says that said deed was wholly without consideration and was obtained by the defendant for the purpose of defrauding the plaintiff and her minor child out of said property.

"Plaintiff further says that prior to the death of the said Ross M. Youngs that the defendant by the exercise of undue influence over him appropriated to her own use certain money and personal property, which was the community property of plaintiff and Ross M. Youngs, deceased, of the value of Twenty Five Thousand ($25,000) Dollars.

"That the reasonable annual rental value of the land and premises described herein is Five Thousand ($5,000.00) Dollars per year.

"Wherefore plaintiff prays judgment of the Court that the defendant be cited to appear and answer this petition, and that the plaintiff have judgment for the title and possession of said above described land and premises for herself and minor daughter, and that she further have judgment for the sum of Five Thousand ($5,000.00) Dollars for rent and for the further sum of Twenty Five Thousand ($25,-000.00) Dollars for money and personal property appropriated by the defendant herein belonging to the plaintiff herein, and that writ of restitution issue, for her damages and costs of suit, and that the deed from Ross M. Youngs to Henrie M. Youngs to said property which deed was recorded in Volume 939 at Page 197 of the Deed Records of Bexar County, Texas, be in all things cancelled, set aside and held for naught, and that said cloud be removed from plaintiff's title to said property, and to such other and further relief, special and general, in law and in equity, that she may be justly entitled to, etc."

The trial court sustained a general demurrer to the above petition. The plaintiffs refused to amend, and the court thereupon dismissed the suit. Mrs. Ross Youngs and her child appealed to the Court of Civil Appeals for the Fourth district at San Antonio, which court affirmed the judgment of the district court. 16 S.W.(2d) 426. The case is now before the Supreme Court on writ of error.

We shall hereafter refer to the parties in the order in which they appear in the district court, to Mrs. Ross Youngs and her child as plaintiffs, and to Mrs. Henry M. Youngs as defendant.

The district court and Court of Civil Appeals both held the petition fatally defective and subject to a general demurrer on the theory that it failed to affirmatively allege that no administration was pending on the estate of the deceased husband and none was necessary; this because the petition shows upon its face that the suit was brought and tried within the four-year period allowed by our statutes (Rev. St. 1925, art. 3325) for the taking out of an administration. A reading of

the petition will disclose that it contains no allegation with reference to an administration whatever.

It is contended by the plaintiffs that the holding of the Court of Civil Appeals in the instant case is in conflict with the opinion of Judge Collard of the old commission in Groesbeck v. Groesbeck, 78 Tex. 664, 14 S. W. 792; and Kibby v. Kessler (Tex. Civ. App.) 225 S. W. 277 (Writ Dismissed, W. O. J.)

 We think it is a settled law of this state that before heirs, as such, can maintain a suit to recover a chose in action or other property which has descended to them, within the period allowed by law for the taking out of an administration, they must plead and prove facts entitling them to prosecute the action, and, in the event that the suit is brought within the four-year period allowed by law for an administration, they must plead and prove that there is no administration pending and none necessary. A petition that fails to affirmatively allege these facts is fatally defective and subject to a general demurrer. Giddings v. Steele, 28 Tex. 732, 91 Am. Dec. 336; Green v. Rugely, 23 Tex. 539; Webster v. Willis, 56 Tex. 468; Rogers v. Kennard, 54 Tex. 37. These cases are all cited in the original opinion of the Court of Civil Appeals. We also cite the following later cases by the Supreme Court. Richardson v. Vaughan, 86 Tex. 93, 23 S. W. 640; Laas v. Seidel, 95 Tex. 443, 67 S. W. 1015; See also Texas Jurisprudence, Vol. 3, page 181, Par. 119.

In the Richardson Case, supra, the Supreme Court speaking through Judge Gaines, says:

"Since our statute casts the legal title of property belonging to the estate of deceased persons directly upon the heirs (subject, however, to the payment of debts), we think it might properly have been held that, after the lapse of a reasonable time without administration upon the estate, they should have the right to sue for the recovery of any chose in action or other property which had descended to them. But from an early day a different doctrine has been announced in this court, and it is now too late to depart from it. As a general rule, the holding has been that the heirs cannot sue without alleging and proving that there is no administration upon the estate, and that there is no necessity for one.

"In Walker v. Abercrombie, 61 Tex. 69, an exception was recognized. There three years had elapsed since the death of the ancestor, and no administration upon his estate had been applied for. The estate was alleged to be insolvent, and it appeared that the debt which was sought to be recovered was about to be barred by limitation. It would seem that, where a suit is necessary to preserve the property, the right of the heirs to bring it ought to be maintained, especially where a considerable time has elapsed without administration. Creditors who have not seen proper to attempt the collection of their claims through the probate court are not likely to suffer any injury in such a case by permitting the heirs to sue.

"But in this case the allegations in plaintiff's petition do not bring them within any of the exceptions to the rule that the administrator must sue. It is not alleged that there are no debts against the estate, and it does not appear that any emergency existed which made a suit by the heirs necessary in order to preserve the claim."

In the Laas Case, supra, the Supreme Court, speaking through Judge Brown, refers to and approves the Richardson Case and says:

"None of the special exceptions of appellant make the point last stated, but his general demurrer was presented and acted on.

" 'The question, the answer to which must control our action on the motion for rehearing, is, can the absence of the allegation that no administration was pending and none necessary be taken advantage of by general demurrer? And this question we respectfully certify for your decision.' "

"We answer that the want of an allegation that 'no administration was pending and that none was necessary' could properly be raised upon a general demurrer to the petition.

"A general demurrer has the effect to admit as true for that purpose all facts which are alleged in the pleading challenged, as well as all facts which may reasonably be inferred from the facts alleged. If a fact necessary to be proved to sustain a recovery on the part of the plaintiff be neither alleged in the petition, nor fairly inferable from facts alleged, a demurrer to the petition must be sustained. Canales v. Perez, 65 Tex. 293; Warner v. Bailey, 7 Tex. 517. If the plaintiff in this case had alleged that there was no administration upon the estate of the decedent, and no necessity for such administration, but had failed to prove it upon a trial, judgment must have been given for the defendant. Can the existence of those facts be inferred from the allegations of the petition in this case? It is claimed that the allegation that the estate was solvent would support the inference that 'there was no administration, nor necessity for administration.' The estate might be solvent, and yet there would be a necessity for administration to pay the debts, and to settle the affairs of the estate, to get it in proper shape for distribution among the heirs. The law does not provide that administration shall be had upon insolvent estate, only, nor that heirs may sue for the property if the estate be solvent.

"In Richardson v. Vaughan, 86 Tex. 93, 23 S. W. 640, this question was raised by an exception that 'the plaintiffs had no right to institute and prosecute the suit as the heirs of

John P. Richardson.' The trial court sustained the demurrer and dismissed the case, which judgment was affirmed by the court of civil appeals, and upon writ of error to this court the judgment was affirmed. That case is directly in point, and settles the question certified to this court, for the objection was raised in that case by what was practically a general demurrer. The report of the case in 86 Tex. and 23 S. W. does not show the manner in which the question arose, but the report of the decision of the court of civil appeals shows that the question was raised as stated. [Richardson v. Vaughn (Tex. Civ. App.)] 22 S. W. 1112."

In the case at bar, the plaintiffs sued as heirs to cancel and annul a deed made by the deceased husband during his lifetime, and to recover in their own names the property so conveyed away by the husband. The property was the separate estate of the deceased. Plaintiffs also seek to recover in their own names $5,000 rent on the property so conveyed, and in addition thereto to recover on a chose in action for $25,000. Certainly the suit is primarily to recover on a *chose in action and other property* within the meaning of the opinion of Judge Gaines in the Richardson Case, supra.

We will now discuss the Groesbeck and Kirby Cases.

In the Groesbeck Case it is shown that Mollie W. Groesbeck, the surviving wife of Charles F. Groesbeck, the deceased, brought suit against the mother of deceased, and his two surviving brothers, as heirs at law of the deceased, to cancel and annul a post-nuptial agreement between such surviving wife and her deceased husband alleged to have been made during his lifetime. The post-nuptial agreement sought to be set aside did not affect the estate of the deceased husband, as by its terms it was merely an agreement that in case the husband died without issue of the marriage his property was to descend and be distributed among his heirs as if no marriage had ever taken place between him and his said wife. In other words, the contract sought to be annulled merely deprived the wife of her rights as an heir of her husband if he died without a child of such marriage. The suit to cancel this instrument, no matter which way it went, did not affect the size, property, or value of the estate, nor any creditor thereof. It merely affected those who should take as heirs when the estate was finally partitioned. We have a very different suit in the instant case. Here the property would belong to the estate of the deceased if plaintiffs prevail, but is no part thereof if they lose. In the Groesbeck Case the property belonged to the estate of deceased no matter who prevailed; the only effect of the suit was to change the persons who took as heirs. Also, in the instant suit, should the defendant prevail, there would be nothing to prevent the administrator from bringing another suit to recover the property here involved, and thus cause the defendant to be subjected to two suits involving exactly the same issues and subject-matter. Moore v. Morse, 2 Tex. 400; Evans v. Oakley, 2 Tex. 182. In other words, the estate of deceased is vitally interested in the issues and subject-matter of this suit. In the Groesbeck Case the estate, as such, had no interest whatever in the outcome.

The opinion in the Kirby Case is by the Court of Civil Appeals. It is not approved by the Supreme Court, but the application was dismissed for want of jurisdiction. Anything said in the Kirby Case that is in conflict with our opinion here is in conflict with the repeated holdings of the Supreme Court and should be overruled.

We finally conclude that a petition in a case, such as the one at bar, which does not even contain an allegation that no administration is pending and none necessary, or words equivalent to such allegation, is fatally defective, and subject to a general demurrer.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is affirmed as recommended by the Commission of Appeals.