## GORMAN et al. v. GAUSE et al.
### No. 8542.

Court of Civil Appeals of Texas. San Antonio. Feb. 4, 1931.

Rehearing Denied March 11, 1931.

C. C. Gillespie, of Memphis, Tenn., Neal A. Brown, of Edinburg, and Seabury, George & Taylor, of Brownsville, for appellants.

R. M. Bounds, of McAllen, and Jas. A. Graham, of Brownsville, for appellees.

COBBS, J.

Appellants sued appellees to determine their several interests in the estate of John P. Gause, deceased, who was a leading lawyer in Mercedes, Tex., and a practitioner at the bar of this court, for whom we all had the highest regard on account of his knowledge of the law and his enviable character.

On April 29, 1918, John P. Gause and Mamie Cato, contemplating marriage, entered into a purported antenuptial contract, making disposition of the property, separate and community, belonging to and to be acquired by each other.

Mr. Gause had been previously married. This agreement was to divide his property in three ways, one-third going to Mrs. Mamie Cato Gause and two-thirds going to John P. Gause, the husband, now deceased, and to his heirs.

The facts show that at the time of the marriage he possessed in his own name about $8,000 worth of property, and she owned in her own name about $8,000 worth of property. During the marriage and up to the time of the death of John P. Gause, by their joint efforts, they accumulated property amounting to about $70,000. On the 7th day of March, 1928, John P. Gause, deceased, and his wife.

Mamie C. Gause, executed what purported to be a joint and mutual will, which, in substance, revoked the purported prenuptial contract, and substituted the provisions in the will in its stead. The will provided that all property then outstanding in the name of John P. Gause, now deceased, should be his separate property, and all property outstanding in the name of Mamie C. Gause should be her separate property. All property accumulated by the community, with the exception of an apartment house, was taken in the name of John P. Gause.

John P. Gause died on June 11, 1929. Thereafter Robt. E. Kirkpatrick, executor under the will, offered the purported joint and mutual will for probate as the last will of John P. Gause, deceased, but before the same was finally probated Mamie C. Gause, the surviving wife and appellee herein, appeared in open court and announced that she was not claiming under the will, but that she elected to take her property under the statutes and laws of the state of Texas, and filed a written notice to that effect.

The estate was probated, and appellants were adjudicated the heirs of John P. Gause, deceased, and filed this suit in the nature of trespass to try title, asking for title and possession of all property listed by the executor as community property of said John P. Gause, deceased, and his surviving wife.

During the marriage, John P. Gause, through a trustee, conveyed the apartment house property, which was then community property, to Mamie C. Gause, appellee, and took in payment therefor a vendor's lien note for the full value of the property, and this note was listed as a part of the community assets belonging to the estate. In the final judgment, however, all transactions in regard to the apartment house were canceled and set aside. The court denied the recovery asked by appellants, and granted the prayer of Mamie C. Gause for the partition of the property, and appointed commissioners for that purpose, who proceeded with that work until superseded by this appeal.

No contract that has for its effect the denying of the wife of her interest in the future earnings of the community is valid and enforceable. It is against public policy and contrary to article 4610, R. S. And any division of community property made by husband and wife during marriage, except in contemplation of separation, is void and unenforceable.

The contract here provided that all properties then belonging to either spouse, and all properties acquired by the union, should be placed in a common pool and divided three ways, one-third to go to Mamie C. Gause, or her heirs, and two-thirds to go to John P. Gause and his heirs, and specifically set at

naught the community property laws of the state of Texas and the statutes of descent and distribution.

■ The leading case applicable here is Groesbeck v. Groesbeck, 78 Tex. 664, 14 S. W. 792. This case has been much cited and approved. It seems to make no difference whether the contract was executed prior to marriage or subsequent thereto, it is contrary to the laws of this state.

■■ So far as the will was concerned, it was revocable by either party at any time by doing the things the law requires in such cases. There are no acts shown on the part of Mrs. Gause that would estop her from denying the enforceability of the will, and it is not enforceable against Mrs. Gause in any respect. She timely filed a written election not to take under the will, but to take her property rights under the statutes and laws of the state of Texas. She had that right, and no one could prevent her from so doing.

She had other property in her own name in Mercedes, acquired before her marriage.

In discussing and disposing of the question of joint and mutual wills, we think it sufficient to refer to the case of Wyche v. Clapp, 43 Tex. 543, where the whole question is discussed. It has been cited and followed. We know of no rule that would estop Mrs. Gause from revoking the will, and we have fully considered the facts claimed to estop her and find none.

There was offered in evidence, without objection, the inventory and appraisement filed in the Hidalgo county probate court by the executor and approved by the court, and no other evidence of any other property was offered.

The only property in the record standing in Mrs. Gause's name, which could be classified as community property, was the apartment house, and this was tendered into court by appellee Mrs. Gause, and ordered partitioned as community property along with the balance of the estate. It was not incumbent upon Mrs. Gause to show anything upon the trial of the case, for the reason that appellants had pleaded and proved all of the facts necessary to make all property then before the court community property, unless some additional facts were shown that would take the property out of that class. These facts were not shown, and the court clearly committed no error in partitioning the property.

·■ Mrs. Gause tendered the apartment house property into court as community property, and rendered a full and complete accounting for the rents, revenues, and profits collected by her, and the court made no error in rescinding the contract and canceling the note that was given for the consideration. Kellett v. Trice, 95 Tex. 170, 66 S. W. 51; Groesbeck v. Groesbeck, 78 Tex. 669, 14 S. W. 792; Cox v. Miller, 54 Tex. 16; Speer on Marital Rights, p. 67.·

The contract regarding the apartment house was a contract whereby John P. Gause, now deceased, through the intermediary of a trustee, conveyed community property to Mamie C. Gause, appellee herein, and retained a vendor's lien note in favor of the community estate for the full value of the property thus conveyed, which note was listed among the community assets; and thus under that statement the only legal conclusion that can be reached is that all of their actions in regard to the apartment house were void and revocable by Mamie C. Gause at any time, and she did revoke the same and tender back full and complete restitution and the court granted complete restitution.

When the community property laws of this state were enacted by the Congress of the republic of Texas, the writer of these statutes had definitely in mind that the wife was no longer a slave or a hireling, but, in so far as property rights were concerned, she was a partner with her husband in his business undertakings, and for that reason enacted the community property laws of this state, which provide that the wife shall own one-half of the earnings of the husband and to permit the husband and wife, either before or after marriage, to make a simple contract which would nullify and hold for naught the community property laws of this state, would be striking right at the basic principles of the very social institutions upon which our government is founded, and would allow the husband and wife to return to the old order of things wherein the wife was no more nor less than a slave or a hireling, and that would be so contrary to the very basic principles of our government and so repugnant to our modern ideas of civilization that no court in the land would enforce any such a contract, and for that reason these contracts and dealings are absolutely void and are not binding on any of the parties thereto.

■ In order to estop a person from claiming their just rights it is necessary that they do some act, or accept some benefits, that would place the opposite party to a disadvantage. In this case Mamie C. Gause, appellee, has been guilty of no act that would mislead the appellants, or their ancestors, in any manner.

Though the briefs and arguments of counsel are very lengthy, we have gained pleasure and information from their discussions.

We find no error assigned that should cause a reversal, and the judgment is affirmed.