Frederica CASILLAS, Appellant,

v.

Tillie Casillas CANO, Appellee.

No. 13–01–295–CV.

Court of Appeals of Texas,
Corpus Christi.

Jan. 17, 2002.

Jeanette Low, Corpus Christi, for appellant-other.

Daryl Mckean Allen, Frederick J. McCutchon, Wood, Boykin & Wolter, Lanette Smith Joubert, Corpus Christi, for appellee.

Before Justices DORSEY, YAÑEZ, and CASTILLO.

## ORDER

DORSEY, Justice.

This is an appeal filed by Frederica Casillas. Judgment was taken against Casillas in January of 2000, and notice of appeal was filed approximately three months after judgment. Casillas died intestate in February of 2001, prior to this Court's disposition of her appeal.

Jeanette Low has filed a brief with this Court, purporting to act on behalf of the appellant, Casillas. The appellee has filed motions challenging the authority of Low to file the brief on Casillas' behalf and requesting the Court to dismiss the appeal because Low lacks such authority. We granted appellee's original motion and required Low to show her authority to represent Casillas. Low has provided this Court with a response purporting to show such authority. We find that Low has authority to represent Casillas in this suit, and, accordingly, deny appellee's motion to dismiss.

 Jeanette Low has averred to this Court that she is the daughter of Frederica Casillas. She is also a co-trustee and a beneficiary of an *inter vivos* trust created by Casillas that Low contends contained substantially all of Casillas' assets. Low states that Casillas died intestate and that no administration of her estate is necessary or pending. She argues that sections 113.002, 113.019, and 113.024 of the Texas trust code empower her to proceed in this suit on Casillas' behalf, in Low's capacity as trustee of the *inter vivos* trust. This contention is incorrect. Those sections of the trust code empower neither the trustee nor an *inter vivos* trust itself to act on behalf of the settlor of the trust in the event that the settlor dies during the pendency of a lawsuit.

 The trust code deals only with express trusts. *See* TEX. PROP. CODE ANN. § 111.003 (Vernon 1995). An "express trust" is a "fiduciary relationship in which one person holds a property interest subject to the equitable obligation to keep or use that interest for the benefit of another." *H.E.Y. Trust v. Popcorn Express Co., Inc.*, 35 S.W.3d 55, 61 n. 4 (Tex.App.-Houston [14th Dist.] 2000, pet. denied); *see also* TEX. PROP. CODE § 111.004(4) (Vernon 1995); RESTATEMENT (SECOND) OF TRUSTS § 2 (1959). The person who creates the trust is called the settlor. TEX. PROP. CODE ANN. § 111.004(14). The property contained in the trust is called the trust property. *Id.* § 111.004(17). And the person who holds the property subject to the obligation to use it for the benefit of another is called the trustee. *Id.* § 111.004(18).

Trust code section 113.002 (cited by Low) grants to a trustee any powers, in addition to those enumerated in the trust code, that are necessary or appropriate to carry out the purposes of the trust. *See* TEX. PROP. CODE ANN. § 113.002. Section 113.024 provides that implied powers, duties and responsibilities are not excluded by those enumerated in the code. *See* TEX. PROP. CODE ANN. § 113.024. Finally, section 113.019 allows a trustee to "compromise, contest, arbitrate, or settle claims of or against the trust estate or the trustee." *See* TEX. PROP. CODE ANN. § 113.019. These provisions merely provide a full range of powers to a trustee that would allow the trustee to fully represent the interests of the trust. However, Casillas' relationship to the trust was that she was the settlor of the trust; she was not a trustee and the trust did not, somehow, become her. It also did not become her estate. None of the trust code provi-

sions cited by Low would allow a trustee to represent the estate of the settlor of the trust unless that power is expressly given to the trustee. Further, the trust is not authorized to substitute as its settlor. Neither the trust itself nor the trustee of the trust has authority to proceed on behalf of Frederica Casillas in this appeal. We hold that, in her capacity as trustee of the *inter vivos* trust created by Casillas, Jeanette Low has no standing to prosecute this appeal on behalf of Casillas or Casillas' estate. The trust is likewise not a party to this appeal.

 Further, the estate itself is not a proper party to this appeal. An estate is not a legal entity and therefore cannot sue or be sued. *See Henson v. Estate of Crow,* 734 S.W.2d 648, 649 (Tex.1987). Generally, personal representatives of the decedent's estate are the only people entitled to sue to recover estate property. *See Frazier v. Wynn,* 472 S.W.2d 750, 752 (Tex.1971). But there is an exception to this rule:

> [I]f there is no administration upon the estate of the defendant, and the facts show that none is necessary or desired by those interested in his estate, and especially if, owing to the lapse of time, the statute forbids the grant of administration upon his estate, and the heirs are in possession of his property, they are in such sense the representatives of their ancestor, that a pending action may be revived or an original suit brought against them.

*McCampbell v. Henderson,* 50 Tex. 601, 611 (1879). Thus, while the estate of Frederica Casillas is not a proper party to this appeal, her heir might be. We hold that while Jeanette Low may not represent the estate of Frederica Casillas in this appeal, she may represent Casillas herself, provided that she is indeed Casillas' heir, there is no administration of Casillas' estate pending or planned, no personal representative has been appointed and no administration is necessary or desired by those interested in Casillas' estate.

Both the rules of civil and appellate procedure contain rules regarding what to do in the case of the death of a party. Rule 7 of the rules of appellate procedure states:

> If a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive. The appellate court's judgment will have the same force and effect as if rendered when all parties were living. The decedent party's name may be used on all papers.

TEX. R. APP. P. 7.1(a)(1). Rule 150 of the Texas Rules of Civil Procedure states that:

> Where the cause of action is one which survives, no suit shall abate because of the death of any party thereto before the verdict or decision of the court is rendered, but such suit may proceed to judgment as hereinafter provided.

TEX. R. CIV. P. 150.

The rules of civil procedure distinguish between the death of the plaintiff and the death of a defendant. When the plaintiff to a civil suit dies,

> the heirs, or the administrator or executor of such decedent may appear and upon suggestion of such death being entered of record in open court, may be made plaintiff, and the suit shall proceed in his or their name. If no such appearance and suggestion be made within a reasonable time after the death of the plaintiff, the clerk upon the application of defendant, his agent or attorney, shall issue a scire facias for the heirs or the

administrator or executor of such decedent, requiring him to appear and prosecute such suit. After service of such scire facias, should such heir or administrator or executor fail to enter appearance within the time provided, the defendant may have the suit dismissed. TEX. R. CIV. P. 151. Rule 152 states:

Where the defendant shall die, upon the suggestion of death being entered of record in open court, or upon petition of the plaintiff, the clerk shall issue a scire facias for the administrator or executor or heir requiring him to appear and defend the suit and upon the return of such service, the suit shall proceed against such administrator or executor or heir.

TEX. R. CIV. P. 152.

 Under both rules, a deceased party may be represented by an executor, an administrator or an heir. An heir would be the appropriate party when there is no executor or administrator. *See White v. White*, 142 Tex. 499, 179 S.W.2d 503, 506 (1944); *Youngs v. Youngs*, 26 S.W.2d 191, 193 (Tex.Com.App.1930). "It is a settled law of this state that before heirs, as such, can maintain a suit to recover a chose in action or other property which has descended to them, within the period allowed by law for the taking out of an administration, they must plead and prove facts entitling them to prosecute the action, and, in the event that the suit is brought within the four-year period allowed by law for an administration, they must plead and prove that there is no administration pending and none necessary." *Youngs*, 26 S.W.2d at 193. It appears that Jeanette Low is entitled to proceed on behalf of Casillas as Casillas' heir.

 Nevertheless, appellee brought an appropriate challenge to Low's authority. "Neither [appellate] rule 7, nor its predecessors, permit an appellate court to pro-

ceed with an appeal without questioning whether those purporting to represent the deceased party have the authority to do so." *Murphy v. Murphy*, 21 S.W.3d 797, 798 (Tex.App.-Houston [1st Dist.] 2000, no pet.). While the appellee's motion to show authority was a proper challenge, we hold that Jeanette Low, as the heir of Frederica Casillas, has authority to proceed with this appeal on behalf of and in the name of Frederica Casillas so long as she provides the Court with the verification that she is herein ordered to provide.

 The only remaining issue is whether this appeal is mooted by Casillas' death. Death of a party can render an appeal moot. *See Olson v. Commission for Lawyer Discipline*, 901 S.W.2d 520, 524 (Tex.App.-El Paso 1995, no writ). "When there has ceased to be a controversy between the litigating parties due to events occurring after judgment has been rendered by the trial court, the decision of an appellate court would be a mere academic exercise and the court may not decide the appeal." *Id.* at 522. That is, "if a judgment cannot have a practical effect on an existing controversy, the case is moot." *Id.* Accordingly, an appeal is not permitted to proceed under Rule 7 after the death of a party unless the judgment affects the property rights, as opposed to purely personal rights, of the parties. *Id.* (holding that, under former TEX. R. APP. P. 9, an appeal is moot after the death of a party unless the judgment affects the property rights of the parties); *see also Murphy*, 21 S.W.3d at 798 (noting that because no substantive change in Rule 7 and its predecessors, case law under predecessors applies to Rule 7 cases).

For example, in *Olson v. Commission for Lawyer Discipline*, the El Paso Court of Appeals held that an appeal may not proceed under Rule 7's predecessor be-

cause the appeal was from a summary judgment suspending a lawyer's license, and the lawyer died while the appeal was pending. *See Olson,* 901 S.W.2d at 522–23. The death of the lawyer mooted the appeal. The court reasoned that since the claim against the lawyer did not survive his death, the appeal was moot because no existing controversy was left between the parties and the judgment could not be enforced against the lawyer's estate and thus did not affect a property right. *Id.* at 524–25; *see also Black v. Black,* 673 S.W.2d 269, 270 (Tex.App.-Texarkana 1984, no writ.); *Walsh v. Walsh,* 562 S.W.2d 501, 502 (Tex.Civ.App.-San Antonio 1978, no writ.) (both holding that issues concerning child custody are mooted by the death of one of the parents while appeal is pending). On the other end of the spectrum, in *Verret v. Verret,* the Houston First District Court of Appeals case held that an appeal may not be abated after the death of an appellant where the appeal was brought from a divorce decree and the property rights of the parties would be significantly affected by whether the marriage was terminated by death or divorce. *Verret,* 570 S.W.2d 138, 140 (Tex.Civ.App.-Houston [1st Dist.] 1978, no writ).

This case concerns the appeal of a $357,040.00 judgment, payable jointly and severally by Frederica Casillas and another party. Obviously, it affects Casillas' property rights. Accordingly, we hold that the appeal is not moot and may proceed under Rule 7.1(a)(1). *See* TEX. R. APP. P. 7.1(a)(1). Because Jeanette Low is an heir and she has averred to this Court that no personal representative has been appointed for her mother's estate and no administration is necessary, we hold that she may be substituted as a party for her mother in this appeal. The appeal will remain, though, in the name of Casillas. *See id.*

However, as the appellee correctly pointed out, Low did not verify the facts regarding Casillas' death and estate to this Court. Accordingly, we ORDER that Jeanette Low provide, within thirty (30) days of the date of this Order, verification to this Court that (1) she is the heir of Frederica Casillas; (2) Frederica Casillas died intestate; (3) no personal representative has been appointed for the estate of Frederica Casillas; and (4) no administration of her estate is necessary. Failure to provide the Court with such verification may result in dismissal of the appeal. Accordingly, we conditionally DENY appellee's motion to dismiss the appeal.