Issued on October 20, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00294-CV

———————————

Mitchell ryder, Appellant

V.

Leslie Nordan Hudson ryder, anita speier, guardian of
the person and estate of leslie hudson ryder, Appellee



 



 

On Appeal from the 247th Judicial District Court

Harris County, Texas



Trial Court Case No. 2008-49617

 



Memorandum
Opinion

On January 8, 2010, the trial court
signed a final decree of divorce that dissolved the marriage of appellant,
Mitchell Ryder, and appellee, Leslie Nordan Hudson Ryder.[1]
 Mr. Ryder died intestate on February 24,
2010, while his motion for a new trial was pending.  On March 9, 2010, Ryder’s former attorney of
record, Joe Alfred Izen, Jr., filed a Suggestion of Death notifying the trial
court of appellant’s passing.[2]  After Mr. Ryder’s motion for new
trial was overruled by operation of law, Izen filed a notice of appeal in
appellate cause number 01-10-00294-CV, purportedly on Mr. Ryder’s behalf, in
which he sought review of the January 8, 2010 divorce decree.

This Court requested that
Izen provide us with supplemental briefing and/or documentation that was sufficient
to demonstrate that: (1) Izen was authorized to file the April 7, 2010 notice
of appeal in appellate cause number 01-10-00294-CV on behalf of appellant, his
deceased client, and (2) appellant’s death has not rendered this appeal moot.  When Izen did not respond, the Clerk of the
Court notified the parties that unless Izen responded to the previous order
within ten days, the appeal could be dismissed for want of jurisdiction.  See
Tex. R. App. P. 42.3.  Izen responded three days later.  In his response Izen contends that he had the
authority to file the notice of appeal on Mr. Ryder’s behalf because he and Mr.
Ryder had spoken about the possibility of an appeal, and Mr. Ryder had
authorized him to pursue an appeal in the event his motion for new trial was
denied.  Izen attached an affidavit
attesting to these facts.[3]  

Texas Rule of Appellate Procedure 7.1(a)(1) provides that a
civil appeal may proceed upon the death of the appellant.  See
Tex. R. App. P. 7.1(a)(1) (“If a
party to a civil case dies after the trial court renders judgment but before
the case has been finally disposed of on appeal, the appeal may be perfected,
and the appellate court will proceed to adjudicate the appeal as if all parties
were alive. . .”)  Neither Mr. Ryder,
individually, nor his estate, however, is a proper party to this appeal.  See
Casillas v. Cano, 79 S.W.3d 587, 590
(Tex. App.—Corpus Christi 2002, order, no pet.) (stating decedent’s estate is
not proper party to appeal); Armes v.
Thompson, 222 S.W.3d 79, 83–84 (Tex. App.—Eastland 2006, no pet.) (holding
deceased person does not have standing to file suit on their own behalf).  Accordingly, in order to proceed with an
appeal—or
in this case, perfect the appeal—the deceased party’s heir must
prosecute the appeal on behalf of the decedent or the administrator or the
executor must prosecute the appeal on the behalf of the deceased party’s estate.  See Casillas,
79 S.W.3d at 591.

The only notice of appeal that has been filed in this case is
the April 7, 2010 notice of appeal that Izen filed on behalf of his deceased
former client, Mr. Ryder, who, as previously discussed, is not a proper party
to this appeal.  Izen does not claim to
be a proper party to this appeal (i.e., an administrator or an executor of Mr.
Ryder’s estate, or Mr. Ryder’s heir), nor does he claim to represent any such
party.  As such, the record contains no timely notice of appeal filed by a representative of Mr. Ryder’s
estate or one of Mr. Ryder’s heirs.  

Accordingly, we dismiss the appeal
for want of jurisdiction.  We dismiss any other pending motions
as moot.

PER CURIAM

Panel
consists of Justices Jennings, Sharp and Brown.

 

 











[1]
          Leslie Ryder has been confined to a mental hospital for several
years.  Anita Speier, the guardian of Ms.
Ryder’s person and estate, is litigating this matter on Ms. Ryder’s
behalf.    





[2]           We
are referring to Izen as Mr. Ryder’s “former” attorney because the
attorney-client relationship terminated upon Mr. Ryder’s death.  See
Murphy v. Murphy, 21 S.W.3d 797, 798 (Tex. App.—Houston [1st Dist.] 2000, no
pet.) (stating that “it is well established that an attorney-client
relationship terminates upon the death of the client”).  





[3]           Izen
also requested additional time to procure affidavits from several of Mr.
Ryder’s friends and acquaintances, all of whom would attest to the fact that
Mr. Ryder authorized Izen to file and pursue this appeal.