Opinion issued January 26,
2012.

 



 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-00492-CV

____________

 

ARCHIE C. BRANCH, SR., Appellant

 

V.

 

LORETTA YOUNG BRANCH, Appellee

 



 

On Appeal from the 300th District Court of

Brazoria County, Texas

Trial Court Cause No.  62037

 



 

MEMORANDUM OPINION








Appellee, Loretta Young Branch, has
filed a motion to dismiss the appeal, arguing that (1) no valid notice of
appeal was filed because the person signing the notice of appeal is not an
attorney or a party to the suit, and (2) appellant’s death while the case was on
appeal renders the appeal moot. Because we find the first ground to be
meritorious, we dismiss the appeal.

 On May 3, 2011, the trial court signed a final
judgment granting Archie Branch, Sr. and Loretta Young Branch a divorce and
dividing their marital property.  On May
31, 2011, a notice of appeal was purportedly filed by Archie.  However, the notice of appeal is signed by
“Sheila A. Howard” and indicates that “Sheila Howard Thompson, Daughter of
Archie C. Branch, Sr., Pro Se” is making an appearance
on Archie’s behalf.  This Court then
received information that Archie had died on June 18, 2011.

Texas
Rule of Appellate Procedure 7.1(a)(1) provides that a
civil appeal may proceed upon the death of the appellant. See Tex. R. App. P. 7.1(a)(1) ( “If a party
to a civil case dies after the trial court renders judgment but before the case
has been finally disposed of on appeal, the appeal may be perfected, and the
appellate court will proceed to adjudicate the appeal as if all parties were
alive ...”).  When an appellant dies
before perfecting an appeal, the deceased party’s heir or executor may perfect
the appeal.  See Ryder v. Ryder, No. 01-10-00294-CV, 2001 WL 5026397 (Tex.
App.—Houston [1st Dist.] Oct. 20, 2011, no pet. h.)
(citing Casillas v. Cano, 79 S.W.3d 587, 590 (Tex.
App.—Corpus Christi 2002, order).

However,
in this case, Archie was not deceased at the time the notice of appeal was
filed and signed by Sheila, thus Sheila was not an heir.  While a layperson has the right to represent themselves, a layperson does not have the right to represent
others. Paselk v. Rabun, 293 S.W.3d 600, 606 (Tex.
App.—Texarkana 2009, pet. denied). 
Sheila was not a party to the judgment, was not Archie’s attorney, and
the record is devoid of any evidence to show that she had the authority to file
a notice of appeal on Archie’s behalf. Additionally, “[a] party not represented
by counsel must sign any document that the party files[.]”  Tex.
R. App. P.9.1(b).  The notice of appeal was signed by Sheila,
not Archie, even though Archie was not deceased at the time of its filing.

Because
Archie did not file a notice of appeal, we dismiss the appeal for want of
jurisdiction.

PER CURIAM

Panel
consists of Justices
Jennings, Sharp, and Brown.