An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

STATE FARM FIRE AND CASUALTY COMPANY,
Appellant/Cross-Respondent,
vs.
ROBERT ANSARA, AS EXECUTOR OF THE ESTATE OF NANCY QUON,
Respondent/Cross-Appellant.

No. 60157

**FILED**

JUL 24 2013

STATE FARM FIRE AND CASUALTY COMPANY,
Appellant/Cross-Respondent,
vs.
ROBERT ANSARA, AS EXECUTOR OF THE ESTATE OF NANCY QUON,
Respondent/Cross-Appellant.

No. 60911

## ORDER DISMISSING APPEAL IN DOCKET NO. 60157, DISMISSING IN PART APPEAL IN DOCKET NO. 60911, AND REINSTATING BRIEFING IN DOCKET NO. 60911

These are consolidated appeals and cross-appeals from district court orders in a declaratory relief action. Docket No. 60157 is an appeal and cross-appeal from a district court order extending a preliminary injunction, partially granting a motion for summary judgment, and partially granting a countermotion to forfeit a bond. Docket No. 60911 is an appeal and cross-appeal from the final judgment. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Our preliminary review of the docketing statements and the NRAP 3(g) documents revealed a potential jurisdictional defect in Docket No. 60157. Specifically, it appeared that the appeal in that action may have been rendered moot by the entry of final judgment in the district court. *See Personhood Nevada v. Bristol*, 126 Nev. ___, ___, 245 P.3d 572, 574 (2010) (explaining that mootness is a question of justiciability, as

13-21696

"[t]his court's duty is not to render advisory opinions but, rather, to resolve actual controversies by an enforceable judgment"). As a result, this court ordered the parties to show cause why Docket No. 60157 should not be dismissed as moot. Both parties have filed responses as directed.

In its response, appellant/cross-respondent State Farm Fire and Casualty Company contends that Docket No. 60157 continues to present a live controversy with regard to whether the district court properly entered the preliminary injunction restraining State Farm from conducting a second examination under oath of the insured, Nancy Quon.[1] In particular, State Farm argues that a resolution of whether the injunction was proper may be determinative of whether it will ultimately deny Quon's insurance claim on the ground that she failed to comply with the express terms of her insurance policy. Respondent/cross-appellant Robert Ansara, on the other hand, argues not only that the preliminary injunction issue in Docket No. 60157 is moot, but also that the death of Quon rendered all of the issues in both appeals moot, with the exception of the propriety of the district court's decision finding that State Farm was entitled to the $10,000 bond posted by Quon for the preliminary injunction.

Having considered the parties' responses, we conclude that Ansara's argument is correct. The order on appeal in Docket No. 60157 did four things. First, it granted partial summary judgment to the insured Quon to the extent that the court found that appellant/cross-respondent State Farm Fire and Casualty Company was required to produce its claim

---

[1]Quon was the plaintiff in the action below. Respondent/cross-appellant Robert Ansara was substituted in place of Quon after she died while the proceedings were pending.

file related to Quon's claim. Second, it extended a previously imposed preliminary injunction until State Farm produced the file. Third, it ordered that State Farm was entitled to recover damages up to the amount of the $10,000 bond posted by Quon for the preliminary injunction. And finally, it directed that a $1,000 bond posted by Quon for a temporary restraining order be returned to her.

While the portion of the order extending the preliminary injunction may have been substantively appealable, *see* NRAP 3A(b)(3) (providing for an appeal from an order granting an injunction), the propriety of the injunction was rendered moot by the entry of the district court's final judgment, which lifted the injunction. *See Personhood Nevada*, 126 Nev. at ___, 245 P.3d at 574. As to the remaining portions of the order, no final judgment was entered at that time and the directives contained in the challenged order were not substantively appealable. *See* NRAP 3A(b) (identifying appealable orders); *Pengilly v. Rancho Santa Fe Homeowners Ass'n*, 116 Nev. 646, 649, 5 P.3d 569, 571 (2000) (recognizing that this court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule); *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (explaining that "a final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs"). Accordingly, we dismiss the appeal and cross-appeal in Docket No. 60157.

To the extent that respondent/cross-appellant Robert Ansara argues that the forfeiture of the $10,000 bond involves a live controversy, that issue may be raised in his cross-appeal from the final judgment in Docket No. 60911. *See Consolidated Generator-Nevada, Inc. v. Cummins*

*Engine Co.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998) (recognizing that interlocutory orders entered before final judgment may properly be reviewed in an appeal from the final judgment). The remaining issues in that appeal and cross-appeal, however, were rendered moot by the death of Quon during the pendency of the proceedings. In particular, the order challenged in Docket No. 60911 resolved Quon's request for declaratory judgment, which she sought in order to determine whether State Farm could require her to submit to a second examination under oath. In that order, the district court found that Quon was required to submit to further examination, but that she was entitled to first receive State Farm's investigative file as to her claim. At this time, State Farm has already released the investigative file and further examination of Quon is impossible in light of her death. And while we recognize that this court's review of the challenged order could influence State Farm's decision with regard to the pending insurance claim, this court's role is not to issue advisory opinions.[2] *See Personhood Nevada*, 126 Nev. at ___, 245 P.3d at 574.

In short, this court's review of the challenged order would have no practical effect. Moreover, given the unique factual situation presented by this case, we conclude that review under the capable-of-repetition-yet-evading-review exception to the mootness doctrine is not appropriate. *See Personhood Nevada*, 126 Nev. at ___, 245 P.3d at 575 (indicating that a matter is unlikely to be of public, widespread importance when its resolution is highly fact specific). Accordingly, we

---

[2]We also note that State Farm did not file any claim in the district court seeking a determination that Quon had failed to comply with the requirements of her insurance policy.

dismiss the appeal filed by State Farm in Docket No. 60911. *See Morrow v. Morrow*, 62 Nev. 492, 497-98, 156 P.2d 827, 829 (1945) (dismissing an appeal from a divorce action as moot following the death of one of the parties when there was no property to be divided, such that the only issue was the personal status of the parties); *see also Casillas v. Cano*, 79 S.W.3d 587 (Tex. App. 2002) (explaining that a party's death renders an appeal moot when the death results in the inability of the judgment to have any practical effect on a live controversy). Ansara's cross-appeal in Docket No. 60911, however, may proceed only as to the forfeiture of the bond.

Therefore, Ansara shall have 45 days from the date of this order to file and serve the opening brief. Briefing shall thereafter proceed in accordance with NRAP 31(a)(1).

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Gloria Sturman, District Judge
       Ara H. Shirinian, Settlement Judge
       Kravitz, Schnitzer, Sloane & Johnson, Chtd.
       Alverson Taylor Mortensen & Sanders
       Eighth District Court Clerk