**DISMISS; and Opinion Filed September 5, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01473-CV

### ROBERT E. WYATT, Appellant
### V.
### CYNTHIA BEAN, Appellee

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-00558**

## MEMORANDUM OPINION

Before Justices FitzGerald, Fillmore, and Stoddart
Opinion by Justice Fillmore

Pro se appellant Robert E. Wyatt filed this appeal of the trial court's order dismissing his claims of defamation and intentional infliction of emotional distress against appellee Cynthia Bean pursuant to section 101.106(f) of the civil practice and remedies code. After Wyatt's appeal was perfected, attorney James L. Schutza, acting as a Friend of the Court, filed a "Suggestion of Death," advising this Court that Wyatt had passed away.

Under rule of appellate procedure 7.1(a)(1), a civil appeal may proceed upon the death of the appellant. *See* TEX. R. APP. 7.1(a)(1);[1] *see also Casillas v. Cano*, 79 S.W.3d 587, 590 (Tex. App.—Corpus Christi 2002, order, no pet.). The executor or administrator of the deceased

---

[1] Rule of appellate procedure 7.1(a)(1) provides:

> If a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive. The appellate court's judgment will have the same force and effect as if rendered when all parties were living. The decedent party's name may be used on all papers.

appellant's estate may appear. *See* TEX. R. CIV. P. 151.[2] Alternatively, an heir may appear on the deceased appellant's behalf by filing written verification that (1) he or she is the deceased appellant's heir; (2) no administration of the deceased appellant's estate is pending or planned; (3) no personal representative has been appointed for the estate; and (4) no administration of the estate in probate court is necessary or desired by those interested in the estate. *See Casillas*, 79 S.W.3d at 590.[3]

On July 14, 2014, we ordered that any appearance by an executor or administrator of Wyatt's estate; an attorney with authority to proceed; or an heir of Wyatt, by filing written verification that he or she is Wyatt's heir, no administration of Wyatt's estate is planned or pending, no personal representative has been appointed for Wyatt's estate, and no administration of Wyatt's estate in probate court is necessary or desired by those interested in Wyatt's estate, be filed by August 13, 2014. We advised that if no such appearance was made by August 13, 2014, this appeal may be dismissed without further notice. This Court's order was sent to Wyatt's address, Schutza, and Bean's attorney.

To date no appearance has been entered in accordance with this Court's July 14, 2014 order.

---

[2] Rule of civil procedure 151 provides:

> If the plaintiff dies, the heirs, or the administrator or executor of such decedent may appear and upon suggestion of such death being entered of record in open court, may be made plaintiff, and the suit shall proceed in his or their name. If no such appearance and suggestion be made within a reasonable time after the death of the plaintiff, the clerk upon the application of defendant, his agent or attorney, shall issue a scire facias for the heirs or the administrator or executor of such decedent, requiring him to appear and prosecute such suit. After service of such scire facias, should such heir or administrator or executor fail to enter appearance within the time provided, the defendant may have the suit dismissed.

[3] *See also Spigener v. Ray*, No. 10-08-00280-CV, 2009 WL 4353751, at *1 (Tex. App.—Waco Nov. 25, 2009, no pet.) (mem. op.).

Accordingly, we dismiss this appeal. *See* TEX. R. APP. P. 42.3(b), (c).


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE


131473F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT E. WYATT, Appellant

No. 05-13-01473-CV        V.

CYNTHIA BEAN, Appellee

On Appeal from the 116th Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. DC-13-00558.
Opinion delivered by Justice Fillmore,
Justices FitzGerald and Stoddart
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that each party bear its own costs of appeal.

Judgment entered this 5th day of September, 2014.