**Opinion filed June 6, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00252-CV

_____

## GLEN D. AARON, II, Appellant

## V.

## PHILLIP MONIGOLD, EDDY LAYNE DUBREE, AND JOSEPH NAIA, Appellees

**On Appeal from the 118th District Court**
**Glasscock County, Texas**
**Trial Court Cause No. DC-1988-CV**

### M E M O R A N D U M   O P I N I O N

In November 2023, Appellant, Glen D. Aaron, II, filed a pro se notice of appeal from the trial court's corrected order to distribute funds, its "failure to grant" a motion for reconsideration, and its order that it lacked jurisdiction to hear several other motions. On April 11, 2024, Glen D. Aaron, IV filed a "notice of [Appellant's] death" and a motion to dismiss this appeal. In these filings, Aaron states that he is the executor of Appellant's estate and that the appeal is being withdrawn, and he requests that we dismiss the appeal "as the family no longer wishes to continue with this matter."

Although this appeal may continue upon Appellant's death, someone must appear on Appellant's behalf because he appeared pro se. *See* TEX. R. APP. P. 7.1(a);

*Casillas v. Cano*, 79 S.W.3d 587, 590 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.). In this regard, an executor or administrator of Appellant's estate or an attorney with authority to proceed may appear. *See* Tex. R. Civ. P. 151. Alternatively, an heir may appear by filing a written verification stating that (1) the person is Appellant's heir, (2) no administration of Appellant's estate is planned or pending, (3) no personal representative has been appointed to Appellant's estate, and (4) no administration of the estate is necessary or desired by those interested in the estate. *See Casillas*, 79 S.W.3d at 590. We note that, although Glen D. Aaron, IV represents that he is the executor of Appellant's estate, the Midland County Clerk's Office has informed this court that a will has not been filed for Appellant and that no probate proceedings regarding Appellant's estate are pending or exist as of May 31, 2024. We therefore cannot grant his motion to dismiss without a showing that he has the necessary authority to appear on Appellant's behalf as described above.

On April 30, 2024, we detailed the necessary requirements to proceed with this appeal and ordered that any appearance on Appellant's behalf must be entered in accordance with our order and filed with this court on or before May 30, 2024. We notified the parties that the appeal may be dismissed if no such appearance was properly made. To date, no appearance has been made or entered in accordance with our order.

Accordingly, we dismiss this appeal. *See* Tex. R. App. P. 42.3(b), (c). We also dismiss Glen D. Aaron IV's motion as moot.

W. STACY TROTTER

June 6, 2024                    JUSTICE

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

2