**William F. OLSON, Appellant,**

v.

**COMMISSION FOR LAWYER DISCIPLINE, Appellee.**

**No. 08–94–00025–CV.**

Court of Appeals of Texas,
El Paso.

March 9, 1995.

Yvonne Rangel, Ken Slavin, Brower & Slavin, El Paso, TX, for appellant.

Linda Acevedo, Asst. Gen. Counsel, Steven W. Young, Asst. Gen. Counsel, Austin, for appellee.

Before BARAJAS, C.J., and KOEHLER and LARSEN, JJ.

## *OPINION*

BARAJAS, Chief Judge.

This is an appeal from a summary judgment in favor of the Commission for Lawyer Discipline, Appellee, on its claim that William F. Olson, Appellant,[1] engaged in professional misconduct by violating Rules 1.08(a) and 1.08(b) of the Texas Disciplinary Rules of Professional Conduct. TEX.DISCIPLINARY R.PROF. CONDUCT 1.08(a), (b) (1991), *reprinted in* TEX.GOV'T CODE ANN. tit. 2, subtit. G app. (Vernon Supp.1994). After conducting a separate hearing to determine the appropriate disciplinary measures, the trial court entered judgment suspending Appellant's law license for a period of five years. Appellant attacks the trial court's judgment by three points of error. We vacate our prior order dated March 30, 1994, set aside the judgment of the trial court, and dismiss this case as moot.

Prior to submission of this appeal, Appellant's wife, Johanna T. Olson, filed with the Court a suggestion of death, a motion to substitute her as the appellant, and a motion to proceed with the appeal pursuant to TEX. R.APP.P. 9(a). On March 30, 1994, the Court granted those motions. At oral argument, the Court raised the question of whether Appellant's death, subsequent to the rendition of final judgment in the trial court and perfection of appeal, rendered this appeal moot. The Court permitted both parties to file supplemental briefs in response to the question. Appellant filed a letter brief in which he contends that the appeal is not moot; alternatively, he contends that the underlying judgment must be vacated and the cause dismissed if we find the appeal moot. The Court received no response from the Commission on Lawyer Discipline.

Neither the Texas Constitution nor our State Legislature has vested this Court with the authority to render advisory opinions. *See* Tex. Const. art. II, § 1; *Camarena v. Texas Employment Comm'n,* 754 S.W.2d 149, 151 (Tex.1988); *Brown v. KPMG Peat Marwick,* 856 S.W.2d 742, 751 (Tex. App.—El Paso 1993, writ denied); *Hanna v. Godwin,* 876 S.W.2d 454, 457 (Tex.App.—El Paso 1994, no writ). The mootness doctrine limits courts to deciding cases in which an actual controversy exists. *Federal Deposit Ins. Corp. v. Nueces County,* 886 S.W.2d 766, 767 (Tex.1994) *Camarena v. Texas Employment Comm'n,* 754 S.W.2d at 151; *Hanna v. Godwin,* 876 S.W.2d at 457. When there has ceased to be a controversy between the litigating parties due to events occurring after judgment has been rendered by the trial court, the decision of an appellate court would be a mere academic exercise and the court may not decide the appeal. *See Hanna v. Godwin,* 876 S.W.2d at 457; *Brown v. KPMG Peat Marwick,* 856 S.W.2d at 751. Stated another way, if a judgment cannot have a practical effect on an existing controversy, the case is moot. *Brownsville Indep. School Dist. Board of Trustees v. Brownsville Herald,* 831 S.W.2d 537, 539 (Tex. App.—Corpus Christi 1992, no writ). Two exceptions to the mootness doctrine currently exist: (1) the "capable of repetition exception" and (2) the "collateral consequences exception." *See General Land Office v. OXY U.S.A., Inc.,* 789 S.W.2d 569, 571 (Tex.1990); *University Interscholastic League v. Buchanan,* 848 S.W.2d 298, 304 (Tex.App.—Austin 1993, no writ).[2] However, Appellant

---

1. William F. Olson died after he perfected this appeal from the trial court's judgment. This Court previously granted the motion of Appellant's wife, Johanna T. Olson, to substitute her as the appellant and proceed with the appeal pursuant to Tex.R.App.P. 9(a). Upon reconsideration of that ruling, and for reasons stated in the body of this opinion, we have found the motion was improvidently granted and we have vacated it. Accordingly, this appeal is as originally styled. Throughout the remainder of this opinion, we will refer to William F. Olson as "Appellant".

2. Even though the Austin Court of Appeals recognized the "public interest exception" in *University Interscholastic League v. Buchanan,* 848

does not contend that either of these exceptions have application here.

■ We turn our attention first to the question of whether there is an actual controversy between the parties. The sole controversy in this case concerned whether Appellant had engaged in professional misconduct and, if he had, the appropriate disciplinary measures which should be taken against him. The sanction assessed for Appellant's professional misconduct was both an active and probated suspension of his law license. Given this posture, it would be an exercise in futility to hear the merits of this appeal. If we reverse and remand the cause for a new trial, the Commission on Lawyer Discipline could not proceed with the disciplinary matter since Appellant's license to practice law, which was personal to him, terminated upon his death. *See* 7 Tex.Jur.3d *Attorney at Law* § 11 (1980). For the same reason, the judgment, if affirmed, could no longer operate against Appellant. Consequently, our judgment cannot have a practical effect on an existing controversy.

■ Nevertheless, Appellant contends that we should not find this appeal moot for several reasons. Citing *County of El Paso v. Ortega*, 847 S.W.2d 436 (Tex.App.—El Paso 1993, no writ), Appellant first contends the issue of mootness is waived because it was never raised by the Commission on Lawyer Discipline. We disagree. We held in *County of El Paso v. Ortega* that the issue of the appellees' lack of standing to bring the declaratory judgment suit was waived because it was not raised in the trial court. *County of El Paso*, 847 S.W.2d at 441, n. 8. However, the issue of whether a party had standing to bring suit in the first place is distinct from the issue presented in this case, that is, whether this appeal has been made moot by Appellant's death. Thus, Appellant's reliance on *County of El Paso v. Ortega* is misplaced. Appellant has not cited and we are unaware of any authority which precludes this Court from *sua sponte* raising the question of the appeal's mootness or from

reconsidering our ruling on Appellant's motion to proceed with the appeal under Rule 9(a). To the contrary, because this is a question affecting our jurisdiction, we have a duty to decide it regardless of whether it was raised by the parties or on our own motion. *See Speer v. Presbyterian Children's Home and Service Agency*, 847 S.W.2d 227, 229 (Tex.1993) (appellate court's duty to dismiss moot cases arises from a proper respect for the judicial branch's unique constitutional role to decide contested cases; court has no jurisdiction to render an advisory opinion); *Fandey v. Lee*, 876 S.W.2d 458, 459 (Tex. App.—El Paso 1994, no writ) (because jurisdiction is fundamental, appellate court must determine, *sua sponte*, whether it has jurisdiction to consider appeal).

■ Appellant initially relied upon Tex. R.App.P. 9(a) in arguing that the merits of this appeal should be heard. However, nothing on the face of Rule 9(a) dispenses with the requirement that there be an actual existing controversy between the litigants. That rule provides:

> If any party to the record in a cause dies after rendition of judgment in the trial court, and before such cause has finally been disposed of on appeal, such cause shall not abate by such death, but the appeal may be perfected and the court of appeals or the Supreme Court, if it has granted or thereafter grants a writ therein, shall proceed to adjudicate such cause and render judgment therein as if all the parties thereto were living, and such judgment shall have the same force and effect as if rendered in the lifetime of all the parties thereto.

Tex.R.App.P. 9(a).

Further, Rule 9(a) and its predecessor, Rule 369a of the Texas Rules of Civil Procedure,[3] have been applied to permit the appeal where one of the parties to the appeal died after rendition of final judgment in the trial court, but only where the judgment affected the parties' property rights, as opposed to

S.W.2d at 304, the Texas Supreme Court has not decided whether this is a viable exception to the mootness doctrine. *See Fed. Deposit Ins. Corp. v. Nueces County*, 886 S.W.2d at 767.

3. The language of former Rule 369a is identical to that employed in Rule 9(a).

purely personal rights. *See e.g., Gentry v. Credit Plan Corp. of Houston,* 528 S.W.2d 571 (Tex.1975) (appeal from judgment awarded debtor in unreasonable collection case efforts not abated where debtor died pending disposition of his case on appeal); *Shook v. Republic Nat'l Bank of Dallas,* 627 S.W.2d 741 (Tex.App.—Tyler 1982), *rev'd on other grounds,* 653 S.W.2d 278 (Tex.1983) (borrower sued bank for usury; bank counterclaimed seeking recovery of principal and interest; judgment n.o.v. awarded bank; borrower's appeal not abated where borrower died pending disposition of his case on appeal); *Verret v. Verret,* 570 S.W.2d 138 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ) (husband's appeal from divorce decree not abated despite his death while appeal pending); *Walsh v. Walsh,* 562 S.W.2d 501 (Tex.Civ.App.—San Antonio 1978, no writ) (husband's appeal from divorce decree awarding wife custody of their child and dividing the community estate not abated despite death of wife).[4] The opposite result has been reached where the record did not reflect that the property rights of the parties would be affected by the judgment. *See Black v. Black,* 673 S.W.2d 269 (Tex.App.—Texarkana 1984, no writ) (judgment granted petitioner-husband divorce and custody of child; respondent-wife appealed, but died before court of appeals decided case; appeal dismissed as moot where record did not reflect that property rights of parties would be affected, and only issue raised on appeal concerned child custody). Thus, we find that Rule 9(a) does not permit the appeal unless the judgment affects the property rights of the parties.

This brings us to Appellant's second argument. He contends that the judgment of the trial court, because it awarded damages to the Commission on Lawyer Discipline, will affect the property rights of the parties. The portion of the judgment referred to reads as follows:

4. In *Dunn v. Dunn,* 439 S.W.2d 830, 833–34 (Tex.1969), the Supreme Court found that an appeal from a divorce decree was not moot despite the death of the husband after oral rendition of judgment because the property rights of the parties would be significantly affected depending upon whether the marriage was held to have been terminated by death or divorce. The Court noted that this appeal by the wife was not

It is, accordingly, ORDERED, ADJUDGED, and DECREED that the Respondent, William F. Olson, be and is hereby suspended from the practice of law in the State of Texas for the period of five (5) years, beginning January 1, 1994, and ending December 31, 1998, the first year of which, beginning January 1, 1994, and ending December 31, 1994, shall be active suspension and the remainder of such term, beginning January 1, 1995, and ending December 31, 1998, shall be fully probated provided that Respondent abides by the following terms and conditions:

\* \* \* \* \* \*

6) Respondent shall reimburse the State Bar of Texas for the costs it incurred in prosecuting the above-entitled and numbered cause in the amount of Three Thousand Six Hundred and no/100 ($3,600.00) Dollars, which shall be due and payable in monthly installments of One Hundred and no/100 ($100.00) Dollars each beginning on January 1, 1995, and continuing regularly thereafter on the first day of each and every month in a like amount until fully paid. Such payments shall be made by cashier's check or money order payable to the State Bar of Texas and delivered to the Office of the General Counsel of the State Bar of Texas, P.O. Box 12487, Austin, Texas 78711.

Except for this probationary condition, the judgment made no other provision with regard to reimbursement of these costs.

The trial court is responsible for assessing the appropriate sanction or sanctions to be imposed if an attorney is found to have committed professional misconduct. TEX.R.DISCIPLINARY P. (1992) 3.10, *reprinted in* TEX.GOV'T CODE ANN., tit. 2, subtit. G app. A–1 (Vernon Supp.1994). The term "sanction" includes the payment of reasonable attorneys' fees and all direct expenses associat-

taken pursuant to Rule 369a, but that either the wife or a representative for the deceased husband could have attacked the judgment under Rule 369a. *Id.* at 834. *See also Novotny v. Novotny,* 665 S.W.2d 171 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd) (court did not address Rule 369a and applied same reasoning as in *Dunn* to hold wife's appeal from divorce decree not abated despite death of husband).

ed with the disciplinary proceeding as an additional, ancillary requirement. Tex.R. Disciplinary P. 1.06(T)(8)(a) (1992).[5] Apparently, the probation condition in question was made pursuant to this rule.

Appellant cites no authority for his claim that this award may be enforced against his estate. Because the judgment does not require Olson to reimburse the State Bar for these costs except as a condition of a probationary period which will never be served, we find that this portion of the judgment did not survive Appellant's death. Accordingly, it is not a claim which may be enforced against his estate. See Tex.Prob. Code Ann. § 3(c) (Vernon Supp.1995) (claims include liabilities of a decedent which survive). We find no merit in Appellant's argument that the court's judgment and this appeal will affect the property rights of the parties.

Having determined that there is no actual existing controversy between the litigants and that the judgment will not affect the property rights of the parties, we conclude that this appeal is moot. Consequently, we also find that the Court improvidently granted Appellant's motion to proceed with the appeal and substitute parties pursuant to Rule 9(a), and we vacate our order of March 30, 1994 granting those motions. As correctly observed by Appellant, we are required to set aside the judgment of the trial court and dismiss the underlying cause of action, not merely the appeal. *Speer v. Presbyterian Children's Home and Service Agency,* 847 S.W.2d at 229; *Hanna v. Godwin,* 876 S.W.2d at 458; *Brown v. KPMG Peat Marwick,* 856 S.W.2d at 751. Accordingly, without reference to the merits, we set aside the judgment of the trial court, and dismiss this appeal as moot.

KOEHLER, J., not participating.

---

5. Similarly, under the former version of the State Bar Rules, professional misconduct was grounds for several sanctions, including, assessment of the costs of the disciplinary action including costs of court and attorneys' fees. State Bar Rules, art. 10 § 8(7) (repealed).