COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )     

                                                                              )                    No. 
08-01-00244-CV

                                                                              )

IN
THE MATTER OF N.N.D.W.,                        )                             Appeal from

                                                                              )     

a Juvenile.                                                              )                      327th District Court

                                                                              )

                                                                              )                 of El Paso County, Texas

                                                                              )                             

                                                                              )                          (TC# 00,00837)

 

O
P I N I O N

 

Appellant
brings this appeal alleging ineffective assistance of counsel.  Because the juvenile reached her eighteenth
birthday prior to submission of the cause and issuance of an opinion, and
because no other relief is available to the juvenile through this appeal, we
dismiss as moot.

FACTUAL AND PROCEDURAL SUMMARY








On
September 13, 2000, Appellant, a juvenile then sixteen years old, was
adjudicated a delinquent child for the offense of assault.  She was placed on supervised probation with
electronic monitoring until her eighteenth birthday.  The juvenile violated her probation on
several occasions, including leaving the electronic monitoring premises.  The State filed a motion to modify the  disposition but it was dismissed after the
juvenile completed an attitude adjustment program.  Shortly thereafter, the juvenile again
violated her probation by leaving the electronic monitoring premises and the
juvenile court sustained the State=s
motion to modify the disposition.  The
State filed another motion to modify the disposition and it was sustained by
the juvenile court.  A  disposition hearing was held and the record
of that hearing is the basis of this appeal. 









Tracy
Gorman of the El Paso County Juvenile Probation Department testified about the
modification-disposition report she prepared for the court.  Gorman recommended that the juvenile be
removed from her present home and placed in the care, custody, and control of
the Challenge Program of El Paso County until her eighteenth birthday.  Gorman discussed the problems between the
juvenile and her mother while living together, the juvenile=s performance in school, and her
history of substance abuse.  The juvenile=s mother no longer wanted the juvenile
in the house.  Gorman also included in
her disposition report the statement that the juvenile mentioned she wanted to
have her case heard by a particular judge because she heard he was Aeasy.@  Counsel for the juvenile asked Gorman whether
her inclusion of this statement in the report was an attempt to influence the
presiding judge to follow her recommendation. 
Gorman denied the allegation. 
Counsel also questioned Gorman about the possibility of an alternative
program, the Serious Habitual Offenders Comprehension Act Program
(S.H.O.C.A.P.).  Gorman responded that
she believed the juvenile would not have benefitted from that program because
the juvenile had indicated that she could not complete it, and the program
involved in-home counseling, which had already been attempted.  Gorman explained that her main reason for
recommending the Challenge Program was the fact that the juvenile had problems
in the home with her mother and that sending her back into the home would not
address her needs.  The trial court
followed the probation department=s
recommendation and found that it was in the juvenile=s
best interest that she be removed from her mother=s
home and sent to the Challenge boot camp. 
Counsel for the juvenile made no argument urging an alternative
arrangement.  Following the judge=s finding, counsel for the juvenile
made the following statement to the court:

Yes, sir, if you
wouldn=t mind
let me just make a comment for the record. 
I think it is necessary that I do this possibly because there is such a
departure in the sanction level in the recommendation of the department, of the
probation department.  Normally, as you
know, the policy of the juvenile system is to be the least restrictive as
possible, and S.H.O.C.A.P. and Project Spotlight probably would have been the
least restrictive in this case.  However,
the reason that I don=t
argue for that, and didn=t
argue for that, and basically going along and give consent with the
recommendation of the department is that we are quickly running out of time for
this young juvenile.  She=s going to be 18 here pretty quick and
she=s got some problems at home that I
think require immediacy to give her some skills that will allow her to live on
her own.  I think she has some anger
problems that this Court can see from the report that was given, that I think
can be addressed by Challenge and I think Challenge is a very good program . .
. .  So in the sense I=m telling the Court that I don=t want the Court to believe that I=m being faulty in my duty representing
the juvenile, I do believe that this recommendation is in the best interest,
even though it is quite a jump up.

 

Following the
hearing, the juvenile filed a grievance form stating that she wanted a new
attorney.  She also inquired whether it
was possible for her to join the Army reserves rather than attend boot
camp.  The juvenile filed a notice of
appeal on June 25, 2001.  

MOOTNESS

In
her sole point of error, the juvenile contends that she was provided
ineffective assistance of counsel at her disposition hearing.  She claims that counsel failed to adequately
represent her when he acquiesced in the probation department=s recommendation that she be sent to
the Challenge Program.  Because the
juvenile preferred to enter the military, counsel should have argued in
accordance with her preference instead of acting on his personal belief that
the program was in her best interest.  
Appellant also complains that defense counsel failed to object to the
admission of the modification-disposition report that contained prejudicial
statements concerning the juvenile=s
request to have her case heard by a specific judge because he was an Aeasy@
judge.








Because
of the timing of this appeal, we cannot address the merits.  The issues for review are moot since the
trial court=s order
expired on March 12, 2002, prior to submission and issuance of this
opinion.  Appellate courts do not have
authority under the Texas Constitution or by statute to render advisory
opinions.  See Tex.Const. art. II, '1; Speer v. Presbyterian Children=s Home and Service Agency, 847
S.W.2d 227, 229 (Tex. 1993); In re Salgado, 53 S.W.3d 752, 757
(Tex.App.--El Paso 2001, orig. proceeding).  The mootness doctrine limits courts to deciding
cases in which an actual controversy exists. 
Federal Deposit Insurance Corporation v. Nueces County, 886
S.W.2d 766, 767 (Tex. 1994); Salgado, 53 S.W.3d at 757.  When there has ceased to be a controversy
between the litigating parties due to events occurring after judgment has been
rendered by the trial court, the decision of an appellate court would be a mere
academic exercise and the court may not decide the appeal.  Olson v. Commission for Lawyer Discipline,
901 S.W.2d 520, 522 (Tex.App.--El Paso 1995, no writ); Salgado, 53
S.W.3d at 757.  If a judgment cannot have
a practical effect on an existing controversy, the case is moot.  Olson, 901 S.W.2d at 522; Salgado,
53 S.W.3d at 757.

The
judgment entered by the juvenile court ordered that the juvenile be placed on
probation under various terms and conditions, including attendance in the
Challenge Program, until her eighteenth birthday.  At the entry of judgment, the juvenile was
seventeen years old.  Appellant perfected
appeal on June 25, 2001.  She was born on
March 12, 1984 and March 12, 2002 marked her 18th birthday.  The order that placed the juvenile in the
Challenge Program was not suspended by reason of the filing of this appeal and
remained in effect during the appellate process.  The Texas Family Code provides:

An appeal does
not suspend the order of the juvenile court, nor does it release the child
from the custody of that court or of the person, institution, or agency to
whose care the child is committed, unless the juvenile court so orders.  However, the appellate court may provide for
a personal bond.  [Emphasis added].








Tex.Fam.Code Ann. ' 56.01(g)(Vernon Supp. 2002).  The juvenile has completed her probationary
period.  Because the prayer for relief
requested only that the judgment be set aside and the case remanded for a new
disposition, the issues presented for review are moot.

 

 

June 20, 2002

                                                                         


ANN CRAWFORD
McCLURE, Justice

 

Before Panel No. 4

Barajas, C.J., Larsen, and
McClure, JJ.

 

(Do Not Publish)