Dismissed as Moot and Majority and Dissenting Opinions filed August 26,
2008








Dismissed as Moot and Majority and Dissenting Opinions filed
August 26, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00333-CV

____________

 

JACK W. THOMPSON, Appellant

 

V.

 

DAVID RICARDO & KARA K. PEAK, Appellees

 



 

On Appeal from the 164th
District Court

Harris County, Texas

Trial Court Cause No. 2005-56772

 



 

M A J O R I T Y   O P I N I O N








Attorney Jack W. Thompson represented Niki Koestens in a
legal proceeding to have property declared her homestead under Article XVI,
section 50 of the Texas Constitution and section 41.001 of the Texas Property
Code.   Appellees David Ricardo and Kara K. Peak filed a motion for sanctions
under Rule 13 of the Texas Rules of Civil Procedure, (1) alleging that Thompson
filed a groundless pleading and (2) requesting that the trial court hold
Koestens and Thompson jointly and severally liable for attorney=s fees, for the
amounts due on the notes payable on two deeds of trust granted on the Property,
and for punitive damages.  The trial court granted the motion for sanctions,
but instead of imposing a monetary sanction on Thompson, the court ordered him
to Atake all actions
necessary to release any and all liens on the Property on or before January 31,
2007.@  Thompson then
brought this appeal.

Factual
and Procedural Background

According to the parties= pleadings,
Ricardo was the plaintiff in a prior lawsuit against Koestens and her business,
Niki=s Auto Shop &
Repair.  On March 31, 2005, Ricardo obtained an agreed judgment against
Koestens and her business in the amount of $64,320.00.  Constable Jack W.
Abercia subsequently levied on a parcel of real property owned by Koestens (Athe Property@), which was
thereafter sold at a Constable=s sale to Peak.

Nearly two months later, Koestens filed a declaratory
judgment action against appellees and Constable Abercia, seeking to have the
Property declared her homestead under Article XVI, section 50 of the Texas
Constitution and section 41.001 of the Texas Property Code.  In addition,
Koestens sought to have the Constable=s sale set aside
and the Constable=s Deed declared a nullity, and requested
injunctive relief to prevent appellees from evicting her from the Property. 
Koestens further sought to recover damages from appellees for Aabuse of process,
negligent and intentional infliction of emotional distress, conversion, common
law tortious collection practices, and constructive fraud,@ as well as
punitive damages and attorney=s fees.  Thompson represented Koestens in
both the prior lawsuit and in the declaratory judgment action.








Appellees thereafter filed a motion for sanctions against
Koestens and Thompson under Rule 13 of the Texas Rules of Civil Procedure. 
Appellees alleged that Koestens=s answers to an oral deposition in the
prior lawsuit directly contradicted statements contained in the petition filed
in the declaratory judgment action and contradicted her affidavit filed in
response to appellees= motion for summary judgment.  Appellees
argued that Koestens=s prior deposition testimony supported
only the conclusion that she had abandoned the Property, and that her
declaratory judgment action was therefore groundless.  Appellees further
alleged that Thompson was present and participated in this deposition, that he
was aware of the facts stated in the deposition, and that he therefore knew (1)
Koestens=s pleading in the
declaratory judgment action was groundless when it was filed; and (2) the facts
contained in Koestens=s sworn affidavit were false when it was
filed.  Appellees requested that the trial court hold Koestens and Thompson
jointly and severally liable for attorney=s fees, the
amounts due on the notes payable on two deeds of trust that had been granted on
the Property,[1]
and punitive damages.

Koestens later nonsuited her declaratory judgment action. 
The trial court subsequently conducted a hearing on appellees= motion for
sanctions, and ultimately granted the motion.  However, instead of imposing the
specific sanctions requested by appellees, the trial court ordered Koestens to
pay Ricardo $15,000 no later than January 31, 2007.  The trial court further
ordered Koestens and Thompson to Atake all actions
necessary to release any and all liens on the Property on or before January 31,
2007.@  Only Thompson
appealed.

Issues
on Appeal








In six issues, Thompson contends that the trial court erred
in granting appellees= motion for sanctions.  Essentially,
Thompson complains that the trial court failed to comply with the requisites of
Rule 13 of the Texas Rules of Civil Procedure, because the trial court (1)
sanctioned him while finding that the underlying suit was not groundless; (2)
sanctioned him in such vague and ambiguous terms that its order is
unenforceable and void; (3) failed to state good cause for sanctions in its
order; and (4) failed to identify specific acts or omissions which served as
the basis for sanctions in its order.  Thompson further contends that, at the
hearing on appellees= motion for sanctions, the trial court
refused him the opportunity to testify or otherwise address the court on his
own behalf, and that this refusal constitutes a denial of due process. 
Finally, Thompson asserts that, because the record does not support a finding
of Aconscious doing of
wrong,@ or support a
finding that he Atook actions for the purposes of annoying,
threatening, or verbally abusing@ appellees, the
trial court erred in finding that he acted in bad faith and for the purposes of
harassment.

In contrast, appellees assert, among other things, that
Thompson=s appeal is moot. 
Specifically, appellees argue that, because Thompson has fully complied with
the sanctions order entered by the trial court, Athe action [he]
was trying to prevent from happening has already happened.@  We agree with
appellees that Thompson has completed the actions specified in the trial court=s order, and that
his appeal is moot.  Accordingly, without reference to the merits, we vacate
that portion of the trial court=s order requiring Thompson to Atake all actions
necessary to release any and all liens on the Property on or before January 31,
2007,@ and we dismiss
the motion for sanctions as to Thompson.

Analysis

A.      The
Mootness Doctrine








Neither the Texas Constitution nor the Texas Legislature
has vested this Court with the authority to render advisory opinions. See Tex. Const. art. II, _ 1; see also
Camarena v. Tex. Employment Comm=n, 754 S.W.2d 149,
151 (Tex. 1988).  The mootness doctrine limits courts to deciding cases in
which an actual controversy exists between the parties.  Fed. Deposit Ins.
Corp. v. Nueces County, 886 S.W.2d 766, 767 (Tex. 1994).  When there ceases
to be a controversy between the litigating parties due to events occurring
after the trial court has rendered judgment, the decision of an appellate court
would be a mere academic exercise, and the court may not decide the appeal. See
Olson v. Comm=n for Lawyer Discipline, 901 S.W.2d 520,
522 (Tex. App.CEl Paso 1995, no writ).  Stated differently, if a
judgment cannot have a practical effect on an existing controversy, the case is
moot. Id.  In that situation, the appellate court is required to vacate
the judgment of the trial court, and dismiss the underlying cause of action. See
Speer v. Presbyterian Children=s Home & Serv.
Agency, 847 S.W.2d 227, 228 (Tex. 1993); see also Gen. Land Office v. OXY
U.S.A., Inc., 789 S.W.2d 569, 570 (Tex. 1990) (stating that if no
controversy continues to exist between the parties, the appeal is moot and the
court of appeal must dismiss the cause); Guajardo v. Alamo Lumber Co.,
159 Tex. 225, 317 S.W.2d 725, 726 (1958) (explaining that when a case becomes
moot on appeal, all previous orders are set aside by the appellate court and
the case is dismissed).[2]

This Court has previously held that a party=s completion of
the actions specified in a trial court=s sanctions order
renders his appeal of that sanctions order moot. See Barrera v. State,
130 S.W.3d 253, 260 (Tex. App.CHouston [14th Dist.] 2004, no pet) (citing
Highland Church of Christ v. Powell, 640 S.W.2d 235, 235 (Tex. 1982)). 
Therefore, we will examine whether Thompson has completed the actions specified
in the trial court=s order, thereby rendering his appeal of
this issue moot.

B.      Thompson Has Completed The
Actions Specified In The Trial Court=s Order








From our review of the record, it is evident that Thompson
has completed the actions specified in the trial court=s order.  As noted
above, the trial court ordered Thompson to Atake all actions
necessary to release any and all liens on the Property on or before January 31,
2007.@  There were two
liens on the PropertyCone in the amount of $15,000, and a second
in the amount of $10,000Cboth granted to Kubosh Bail Bonds, and a
notice of lis pendens filed by Koestens.  Thompson himself prepared releases
for both liens and for the notice of lis pendens;[3]
the release for the notice of lis pendens was executed by Koestens on December
28, 2006, and the release for the $15,000 lien was executed by Paul A. Kubosh,
on behalf of Kubosh Bail Bonds, on January 23, 2007.  And, on February 1, 2007,
Thompson submitted to the Harris County Clerk the releases that had been
executed by Koestens and Kubosh, along with the required filing fee.

The record further reveals that Kubosh executed a release
for the $10,000 lien on June 15, 2007.[4] 
Furthermore, on July 25, 2007, appellees filed in the trial court a ANotice of Sale Of
Real Property Subject Of Lawsuit,@ in which they
notified the trial court that (1) the Property had been sold to a disinterested
third party; and (2) the Property was free from liens at the time of sale. 
Therefore, because the trial court=s sanctions order
required Thompson to take all necessary actions to release any and all liens on
the Property, and because the Property was sold to a disinterested third partyCand was free from
liens at the time of saleCthe record indicates that Thompson has
completed the actions specified in the trial court=s order.  His
appeal is therefore moot.  Accordingly, without reference to the merits, we
vacate that portion of the trial court=s order requiring
Thompson to Atake all actions necessary to release any and all
liens on the Property on or before January 31, 2007,@ and we dismiss
the motion for sanctions as to Thompson.[5]








Conclusion

Because we find that Thompson has completed the actions
specified in the trial court=s order imposing sanctions under Rule 13,
we conclude that his appeal is moot.  Therefore, without reference to the
merits, we vacate that portion of the trial court=s order requiring
Thompson to Atake all actions necessary to release any and all
liens on the Property on or before January 31, 2007,@ and dismiss the
motion for sanctions as it relates to Thompson.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Majority and Dissenting Opinions filed August 26, 2008.

Panel consists of
Justices Fowler, Frost, and Seymore. (Frost, J. dissenting)









[1]  The record indicates that Koestens granted two deeds
of trust on the Property to Kubosh Bail Bonds to secure payment on two notes:
one in the amount of $15,000, and a second in the amount of $10,000.





[2]  The Texas Supreme Court has recognized two
exceptions to the mootness doctrine, neither of which apply here: (1) the Acapable of repetition yet evading review exception@; and (2) the Acollateral
consequences exception.@ See Gen. Land Office, 789 S.W.2d at 571. The
former applies where the challenged act is of such short duration that the
appellant cannot obtain review before the issue becomes moot, and has only been
used to challenge unconstitutional acts performed by the government. Id.  The
latter is invoked only under narrow circumstances, when vacating the underlying
judgment will not cure the adverse consequences suffered by the party seeking
to appeal that judgment. Marshall v. Hous. Auth. of City of San Antonio,
198 S.W.3d 782, 789 (Tex. 2006).  In order to invoke the collateral
consequences exception, Thompson must show (1) a concrete disadvantage resulted
from the judgment; and (2) the disadvantage will persist even if the judgment
is vacated and the case dismissed as moot. Id.  Thompson does not
contend that either exception applies to the present appeal, nor does he
attempt to demonstrate (1) a concrete disadvantage resulted from the trial
court=s judgment; or (2) he will continue to suffer any
adverse consequences if the judgment below is vacated and the cause dismissed
as moot.  Therefore, neither exception applies to this appeal.





[3]  There is additional evidence that Thompson himself
took actions to comply with the trial court=s
sanctions order.  Apparently, Thompson also authored a letter to Koestens,
dated December 26, 2006, in which he (1) explains the practical effect of the
trial court=s sanctions order; (2) instructs her to execute the
release of the notice of lis pendens, and to have Mr. Kubosh execute the
releases of liens; and (3) requests that she Atake care of these matters right away.@  This letter, attached as Exhibit A to appellees= APartial
Withdrawal Of Motion For Enforcement Of Orders And Request To Cancel Hearing,@ is present in appellees= brief, but is absent from the Clerk=s
Record.  However, in their ARequest To
Supplement Record For Appeal,@ filed on July
9, 2007, appellees specifically requested that Exhibit A be included in the
record, and Thompson does not challenge the authenticity of the letter included
in appellees= brief.





[4]  The release for the $10,000 lien that was actually
executed by Kubosh was prepared by attorney Stephen Best.  It is not apparent
on the face of the record why Kubosh did not execute the release prepared by
Thompson for this particular lien, and the parties make no attempt to otherwise
explain this occurrence in their briefs.





[5]  Thompson contends that his appeal is not moot, because (1) the trial
court=s order on sanctions is still in
effect; (2) there has not been a court determination as to the completion of
its vague terms; (3) the potential danger posed to him by the order still
exists; and (4) the trial court=s order is serving as the underlying basis for a malpractice suit by
appellees currently pending.  To the extent that this can be construed as an
attempt to invoke the collateral consequences exception to the mootness
doctrine, we have  two responses. See
Marshall, 198 S.W.3d at 789.  First, we have vacated that portion of the order requiring
Thompson to remove the liens and have dismissed the motion for sanctions as to
Thompson.  As a result,  nothing remains in the trial court for the appellees
or the court to rely on for further contempt proceedings against Thompson. 
Second, appelleesCthe parties who brought the motion
for sanctions in the trial courtCclaim on appeal that the appeal is moot by pointing out
that Thompson has complied with the order.  They would be estopped from taking
a contrary position below, or for all practical purposes would have problems
taking a contrary position below. See Moore v. Jet Stream Invs., Ltd., C S.W.3d C , 2008 WL 3160745, at *12 (Tex.
App.CTexarkana Aug. 8, 2008, no pet. h.)
(citing Lopez v. Munoz, Hockema & Reed, L.L.P., 22 S.W.3d 857, 864
(Tex. 2000)) (stating that the doctrine
of quasi-estoppel precludes a party from asserting, to another=s disadvantage, a right inconsistent with a position
previously taken, and explaining that A[t]he
doctrine applies when it would be unconscionable to allow a person to maintain
a position inconsistent with one to which he or she acquiesced, or from which
he or she accepted a benefit.@).