*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-10-00427-CV

Valeria Marie **GARCIA**,
Appellant

v.

Manuel **GARCIA**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-17691
Honorable Larry Noll, Judge Presiding

PER CURIAM

Sitting:     Rebecca Simmons, Justice
             Steven C. Hilbig, Justice
             Marialyn Barnard, Justice

Delivered and Filed:  March 16, 2011

DISMISSED AS MOOT

This is an appeal from a default divorce decree.  At the time the decree was signed, only one of the children born to Valeria Marie Garcia and Manuel Garcia was a minor.  The complaints raised by Valeria in her *pro se* brief relate to the children.  After Valeria filed her *pro se* brief, appellee filed written notice that Valeria died.

Ordinarily, an appeal in a civil case is not abated due to the death of a party after the rendition of judgment.  TEX. R. APP. P. 7.1(a)(1).  "However, nothing on the face of Rule

[7.1(a)(1)] dispenses with the requirement that there be an actual existing controversy between the litigants." *Olson v. Comm'n for Lawyer Discipline*, 901 S.W.2d 520, 523 (Tex. App.—El Paso 1995, no writ). "Neither the Texas Constitution nor our State Legislature has vested [appellate courts] with the authority to render advisory opinions." *Id*. at 522. "When there has ceased to be a controversy between the litigating parties due to events occurring after judgment has been rendered by the trial court, the decision of an appellate court would be a mere academic exercise and the court may not decide the appeal." *Id*. Because Valeria has died, "the questions concerning custody of the children of the parties have become moot." *Walsh v. Walsh*, 562 S.W.2d 501, 502 (Tex. Civ. App.—San Antonio 1978, no writ); *see also Black v. Black*, 673 S.W.2d 269, 270 (Tex. App.—Texarkana 1984, no writ). Accordingly, this appeal is dismissed as moot.

PER CURIAM