In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00108-CV
_____


**DEREK PHILLIPS, Appellant**

**V.**

**RESERVE FIRST PARTNERS, LTD. D/B/A FIRST FIDELITY RESERVE,
Appellee**

**On Appeal from the 172nd District Court
Jefferson County, Texas
Trial Cause No. E-193,642**

**MEMORANDUM OPINION**

Reserve First Partners, Ltd., d/b/a First Fidelity Reserve ("FFR") sued its

former employee, Derek Phillips, for violating an employment agreement. The trial

court imposed a permanent injunction enforcing a covenant not to compete,

awarded $6,000 in monetary sanctions for failing to appear for deposition, and

awarded $37,500 as attorney's fees with an additional award of $15,000 in the

1

event of an unsuccessful appeal. Phillips presented two issues in his brief: (1) whether the covenants in the employment agreement were unreasonable and unenforceable as a matter of law; and (2) whether the trial court erred in granting "death penalty" sanctions.[1] We affirm the trial court's judgment.

## Suggestion of Death

After the parties filed their appellate briefs, FFR filed a suggestion of the death of Phillips. "Generally, an appeal is moot when the court's action on the merits cannot affect the rights of the parties." *VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex. 1993) (per curiam). Phillips's first issue concerned purely personal rights that became moot upon his death. *See Olson v. Comm'n for Lawyer Discipline*, 901 S.W.2d 520, 524 (Tex. App.—El Paso 1995, no writ). The sanctions award challenged in issue two, however, involves property rights that were not mooted by Phillips's death. *See Kenseth v. Dallas Cnty.*, 126 S.W.3d 584, 593-94 (Tex. App.—Dallas 2004, pet. denied).

---

[1]The brief contained an unbriefed statement that the trial court erred in granting attorney's fees. Phillips's response to the suggestion of mootness stated: "In the absence of actual damages, one cannot generally win attorney's fees. The trial lasted less than an hour. The [a]ttorney's fees awarded do not show a break down of attorney time. This proof does not justify the reasonableness of the fees." We granted leave to file a supplemental brief challenging the amount of attorney's fees awarded in the trial court's judgment, but the appellant did not file a supplemental brief. Accordingly, we do not consider whether the trial court awarded attorney's fees in an excessive amount.

## Death Penalty Sanctions

"We review a trial court's imposition of sanctions for an abuse of discretion." *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006). The record must demonstrate a direct relationship between the improper conduct and the sanction imposed and less severe sanctions must not have been sufficient to promote compliance. *Id.* In situations involving discovery abuse, a trial court may deny a litigant a decision on the merits of the case only where the sanctioned party's conduct justifies a presumption that its claims or defenses lack merit. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 918 (Tex. 1991) (orig. proceeding). "However, if a party refuses to produce material evidence, despite the imposition of lesser sanctions, the court may presume that an asserted claim or defense lacks merit and dispose of it." *Id.*

The trial court conducted an evidentiary hearing on FFR's motion to compel. Counsel for FFR claimed that he issued notice of deposition but neither Phillips nor his counsel appeared for the deposition. According to counsel for FFR, Phillips also failed to respond to the discovery requests that were attached to the original petition that had been served on the defendant. FFR's counsel stated that he spent ten hours on matters related to the deposition, that his hourly rate is $300, that he is familiar with the reasonable and customary fees charged by attorneys with his

qualifications, and that $3,000 would be a reasonable fee. Counsel for Phillips argued that the deposition should be quashed because less than thirty days remained before trial. *See* Tex. R. Civ. P. 190.3(b)(1)(B)(i) (discovery period ends 30 days before the date set for trial). He argued that Phillips was not required to respond to the discovery requests because the fiftieth day following service of the suit fell within thirty days of trial.[2] *Compare* Tex. R. Civ. P. 190.3(b)(1)(B)(i) *with* Tex. R. Civ. P. 194.3(a) (a party served with requests for disclosure before his answer is due need not respond until 50 days after service of the request). The trial court granted FFR's motion to compel Phillips's deposition, ordered Phillips to appear for a deposition and to deliver responses to requests for disclosure and requests for production, and ordered Phillips to pay $3,000 within five days as a sanction for his failure to appear for the deposition. *See* Tex. R. Civ. P. 215.2(b)(2), (8). On appeal, Phillips does not argue that the trial court abused its discretion in making this order.

The following week, the trial court conducted a hearing on a new motion for sanctions after Phillips failed to respond to FFR's requests for disclosure and failed

---

[2]The trial court gave the case an expedited trial setting when it granted a temporary injunction that prohibited Phillips from soliciting FFR's customers or engaging in a business similar to FFR's within 250 miles of FFR's office. Counsel for Phillips explained to the trial court that Phillips was not available for deposition because he had left the area so he could conduct business and comply with the terms of the temporary injunction.

to appear for the deposition ordered by the trial court. The trial court signed an order striking Phillips's pleadings and awarded $3,000 as a sanction for legal fees and expenses incurred by reason of counsel's preparation for the deposition the trial court ordered. Phillips was present in person for the permanent injunction hearing. Phillips argued that exclusion of the witness was the appropriate sanction for failing to appear for deposition. FFR argued Phillips's repeated failure to participate in any discovery justified imposing severe consequences for his discovery abuse.

In his brief on appeal, Phillips argues that on the day of trial, the trial court should have ordered Phillips to be deposed in front of the court reporter, imposed the cost of that deposition on Phillips, and conducted the bench trial on the following day without striking Phillips's pleadings. *See* Tex. R. Civ. P. 215.2(b)(2) (permitting a trial court to charge expenses of discovery to the disobedient party). Phillips argues the record does not explain why lesser sanctions would not have served their purpose, but the record shows that Phillips failed to comply when the trial court ordered a lesser sanction. Generally, the trial court must use a less stringent sanction first to determine "whether lesser sanctions will fully promote compliance, deterrence, and discourage further abuse." *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex. 1992). In this case, the trial court tried

5

lesser sanctions first when it ordered Phillips to pay $3,000 and appear for deposition. *See* Tex. R. Civ. P. 215.2(b)(8). Phillips neither complied with the order nor explained his non-compliance when he presented himself for the first time at the trial without having responded to the requests for disclosure and without paying the $3,000 previously ordered by the trial court. The trial court could reasonably conclude that Phillips did not have a valid defense to FFR's claims. *See TransAmerican*, 811 S.W.2d at 918; *Hernandez v. Sovereign Cherokee Nation Tejas*, 343 S.W.3d 162, 171-72 (Tex. App.—Dallas 2011, pet. denied) (a party's failure to comply with previous orders compelling discovery justifies conclusion that the party's conduct prevented the opposing party from obtaining evidence essential to the presentation of its case and lesser measures would not achieve his compliance). We overrule issue two and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on October 15, 2014
Opinion Delivered April 16, 2015
Before Kreger, Horton, and Johnson, JJ.

6