ACCEPTED
15-24-00033-cv
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
2/10/2025 4:23 PM
CHRISTOPHER A. PRINE
CLERK

**Cause No. 15–24–00033–CV**

# In the Court of Appeals for the Fifteenth Judicial District Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
2/10/2025 4:23:45 PM
CHRISTOPHER A. PRINE
Clerk

**Robert Wayne Mitchell,**
Plaintiff-Appellant,

**v.**

**Bryan Collier in his Official Capacity as Executive Director of the Texas Department of Criminal Justice,**
Defendant-Appellee.

On Appeal from the 298th District Court of Dallas County, Texas
Trial Court Cause No. DC–23–04417

## Appellee's Suggestion of Death

**Ken Paxton**
Attorney General of Texas

**Brent Webster**
First Assistant Attorney General

**Ralph Molina**
Deputy First Assistant Attorney General

**James Lloyd**
Deputy Attorney General of Civil Litigation

**Shanna E. Molinare**
Division Chief
Law Enforcement Defense Division

**Vishal V. Iyer***
Texas Bar No. 24106134
Assistant Attorney General
Law Enforcement Defense
Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711–2548
p: (512) 463–4451
f: (512) 370–9814
e: vishal.iyer@oag.texas.gov

*Attorney-in-Charge

**Counsel for Bryan Collier**

## Identity of Parties and Counsel

**Plaintiff-Appellant**

1. **Robert Wayne Mitchell**
   Plaintiff-Appellant

2. **Taj A. Warren**
   Texas Bar No. 24060802
   325 N. St. Paul St., Ste. 3100
   Dallas, Texas 75201
   p: (214) 206–1225
   f: (214) 206–1226
   e: twarren@warrenlawpllc.com

   Counsel for Plaintiff-Appellant

**Defendant-Appellee**

3. **Bryan Collier**
   Defendant-Appellee

4. **Vishal V. Iyer**
   Texas Bar No. 24106134
   Assistant Attorney General
   Law Enforcement Defense Division
   Office of the Attorney General
   P.O. Box 12548
   Austin, Texas 78711–2548
   p: (512) 463–4451
   f: (512) 370–9814
   e: vishal.iyer@oag.texas.gov

   Counsel for Defendant-Appellee

# Table of Contents

Identity of Parties and Counsel     i

Table of Contents     ii

Exhibit List     iii

Table of Authorities     iv

Appellee's Suggestion of Death     1

I.    Statement of the Case     1

II.    Standard of Review     2

    A.    Suggestion of Death     2

III.    Argument     3

    A.    The appeal should be dismissed as moot because Mitchell died during the appeal period, and this action does not affect Mitchell's property rights.     3

IV.    Prayer     4

Certificate of Conference     6

Certificate of Service     6

Certificate of Compliance     7

Exhibit A: Death of Appellant     8

## Exhibit List

| Exhibit | Title of Document | Pages |
|---------|-------------------|-------|
| A | **Death of Appellant:**<br><br>• Cause of Death Report of Appellant<br><br>• Obituary of Appellant | 8–13 |

# Table of Authorities

**Case Law**                                                                              **Pages**

*Collier v. Mitchell*,                                                                          2
    No. DC–23–04417, 2024 WL 2827610 (Tex. App.—Dallas June 4, 2024, no pet.)

*In re J.R.B.*,                                                                              2–3
    698 S.W.3d 603 (Tex. App.—Waco 2024, no pet.)

*Murphy v. Murphy*,                                                                            2
    21 S.W.3d 797 (Tex. App.—Houston [1st Dist.] 2000, no pet.)

*Olson v. Comm'n for Lawyer Discipline*,                                                      3–4
    901 S.W.2d 520 (Tex. App.—El Paso 1995, no writ)

*Pirate's Lake, Ltd. v. Vestin Realty Mortg. I, Inc.*,                                         3
    No. 14–08–00085–CV, 2008 WL 3833618 (Tex. App.—Houston [14th Dist.] Aug. 12, 2008, no pet.)

**Rules**

Tex. R. App. P. 7.1(a)(1)                                                                       2

# In the Court of Appeals
# for the Fifteenth Judicial District
# Austin, Texas

**Robert Wayne Mitchell,**
Plaintiff-Appellant,

**v.**

**Bryan Collier in his Official Capacity as Executive Director of the Texas Department of Criminal Justice,**
Defendant-Appellee.

On Appeal from the 298th District Court of Dallas County, Texas
Trial Court Cause No. DC–23–04417

## Appellee's Suggestion of Death

Defendant-Appellee Bryan Collier ("Collier") moves to dismiss the appeal as moot because Plaintiff-Appellant Robert Wayne Mitchell ("Mitchell") has died during the appeal period, and this action does not affect Mitchell's property rights.

## I.      Statement of the Case

On April 6, 2023, Mitchell filed his original petition. (C.R.6, 12–18). On July 31, 2023, Mitchell moved for a temporary restraining order ("TRO"); the trial court granted the motion on August 21, 2023. (C.R.7, 105–06). On August 18, 2023, Mitchell filed his first amended petition. (C.R.7–8, 87–94). On September 5, 2023, Mitchell moved for a temporary injunction; the trial court granted the motion on

September 26, 2023. (C.R.8–9, 147–49). On September 25, 2023, Collier filed his original answer and jury demand. (C.R.9, 141–46). On October 10, 2023, Collier filed a notice of appeal regarding the TRO; the Fifth Court of Appeals vacated the TRO and dismissed the appeal as moot on June 4, 2024. *Collier v. Mitchell*, No. DC–23–04417, 2024 WL 2827610, *1 (Tex. App.—Dallas June 4, 2024, no pet.); (C.R.9). On February 12, 2024, Collier filed a plea to the jurisdiction; the trial court granted the plea on April 25, 2024, and dismissed the case. (C.R.9, 150–452). On May 24, 2024, Mitchell filed his notice of appeal. (C.R.10, 466–68).

## II. Standard of Review

### A. Suggestion of Death

"Generally, 'if a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive.'" *In re J.R.B.*, 698 S.W.3d 603, 604 (Tex. App.—Waco 2024, no pet.) (quoting Tex. R. App. P. 7.1(a)(1)); *see also Murphy v. Murphy*, 21 S.W.3d 797, 798 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (holding that "case law under [former] rules 9 and 369a is also applicable to current rule 7"). "However, Rule 7.1 does not dispense with the requirement of an existing actual controversy and generally an appeal will be allowed to proceed on the death of a party only if the judgment affects the parties' property rights as opposed to purely personal rights."

*J.R.B.*, 698 S.W.3d at 604 (quotation omitted). "A party's death moots an appeal to the extent the appellate court's action on the merits could affect personal rights, but not to the extent the court's action on the merits could affect property rights." *Id.*

"When there has ceased to be a controversy between the litigating parties due to events occurring after judgment has been rendered by the trial court, the decision of an appellate court would be a mere academic exercise and the court may not decide the appeal." *Olson v. Comm'n for Lawyer Discipline*, 901 S.W.2d 520, 522 (Tex. App.—El Paso 1995, no writ ) (collecting cases). "In that situation, the appellate court is required to vacate the judgment of the trial court and dismiss the underlying cause of action." *Pirate's Lake, Ltd. v. Vestin Realty Mortg. I, Inc.*, No. 14–08–00085–CV, 2008 WL 3833618, *2 (Tex. App.—Houston [14th Dist.] Aug. 12, 2008, no pet.) (collecting cases).

## III. Argument

### A. The appeal should be dismissed as moot because Mitchell died during the appeal period, and this action does not affect Mitchell's property rights.

Collier has reason to believe that Mitchell died during the appeal period on September 18, 2024. (Exh. A, Death of Appellant, at 9–13); (C.R.9–10, 466–68). In this action, Mitchell seeks only declaratory and injunctive relief invalidating his current parole period and commanding his immediate release. (C.R.93). In other words, this action affects only Mitchell's purely personal rights, and his death moots

the appeal. *See Olson*, 901 S.W.2d at 523–25 (holding that appellant's death mooted appeal of trial court's judgment suspending his law license); *Black v. Black*, 673 S.W.2d 269, 270 (Tex. App.—Texarkana 1984, no writ) (holding that appellant's death mooted appeal of trial court's judgment awarding appellee child custody). Mitchell "cites no authority for his claim that this award may be enforced [by] his estate," and undersigned counsel is likewise unaware of any supporting authority. *See Olson*, 901 S.W.2d at 525. Thus, the appeal should be dismissed as moot because Mitchell died during the appeal period, and this action does not affect Mitchell's property rights.

## IV. Prayer

Therefore, the appeal should be dismissed as moot.

Respectfully submitted,

**Ken Paxton**
Attorney General of Texas

**Brent Webster**
First Assistant Attorney General

**Ralph Molina**
Deputy First Assistant Attorney
General

**James Lloyd**
Deputy Attorney General for
Civil Litigation

**Shanna E. Molinare**
Division Chief
Law Enforcement Defense
Division

February 10, 2025

*/s/ Vishal V. Iyer*
**Vishal V. Iyer**
Texas Bar No. 24106134
Assistant Attorney General
Law Enforcement Defense
Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711–2548
p: (512) 463–4451
f: (512) 370–9814
e: vishal.iyer@oag.texas.gov

**Counsel for Defendant-Appellee**

## Certificate of Conference

I certify that on February 10, 2025, I emailed Taj Warren, counsel for Plaintiff-Appellant, regarding his position on this suggestion of death. As of the date this suggestion was signed, Mr. Warren had failed to respond. Thus, Mr. Warren's position on this suggestion is unclear.


February 10, 2025                              */s/ Vishal V. Iyer*
                                               **Vishal V. Iyer**
                                               Assistant Attorney General


## Certificate of Service

I certify that I served this document, and any attached pages, to counsel for Plaintiff-Appellant, electronically through the electronic filing manager, on the date below. Tex. R. App. P. 9.5(a)–(b)(1).


February 10, 2025                              */s/ Vishal V. Iyer*
                                               **Vishal V. Iyer**
                                               Assistant Attorney General

## Certificate of Compliance

I certify that this document, excluding the parts of the document excepted by rule, contains **788 words**, as counted by the word count of the computer program used to prepare the document.  Tex. R. App. P. 9.4(i)(3).

February 10, 2025

/s/ *Vishal V. Iyer*
**Vishal V. Iyer**
Assistant Attorney General

# In the Court of Appeals
# for the Fifteenth Judicial District
# Austin, Texas

**Robert Wayne Mitchell,**
Plaintiff-Appellant,

**v.**

**Bryan Collier in his Official Capacity as Executive Director of the Texas Department of Criminal Justice,**
Defendant-Appellee.

On Appeal from the 298th District Court of Dallas County, Texas
Trial Court Cause No. DC–23–04417

## Exhibit A: Death of Appellant



# SOUTHWESTERN
# INSTITUTE OF FORENSIC SCIENCES
## AT DALLAS



*599 854 Hardy*

## Office of the Medical Examiner
## Cause of Death Report

**Case: IFS-24-16136 - AB**

Date of Death: 09/18/2024

**Decedent: Mitchell, Sr., Robert Wayne**   67 years Black Male   DOB: ▮▮▮▮▮

An inquest was performed and the cause of death is:

▮▮▮▮▮ ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮ ▮ ▮▮▮▮▮ ▮▮ ▮▮▮▮▮▮▮

Part II (Other Significant Contributing Factors): ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮

Manner of Death: **Natural**

Examining Pathologist: Stephen Lenfest, M.D.

Stephen Lenfest M.D.
09/20/2024

Related Agencies:

Dallas Police Department    ▮▮▮▮▮
Institute of Forensic Sciences
Forensic Pathology

*Robert Mitchell #025116459*



*Accredited by The National Association of Medical Examiners*



Celebrating the life of

# Robert Wayne Mitchell Sr.

February 18, 1957 - September 18, 2024

**In Loving Memory of**

Robert Wayne Mitchell, Sr.

**VIEWING:**
Thursday, October 3, 2024
3:00 pm - 8:00 pm
Evergreen Memorial Funeral Home
6440 University Hills Boulevard
Dallas, TX 75241

**CELEBRATION OF LIFE SERVICE:**
Friday, October 4, 2024
12:30 pm
Evergreen Memorial Funeral Home
6440 University Hills Boulevard
Dallas, TX 75241

**REPAST**
Friday, October 4, 2024
Mason Post
3141 Interstate 30
Mesquite, TX

Send Flowers     **010**     Send Card

 

   

**Allen G. Madison's**

6449 University Hills Boulevard
Dallas, TX 75241-2522

📞 **214-376-1500**

📠 214-376-1523

© 2019 - 25 Evergreen Memorial. All Rights Reserved.
Terms of Use | Privacy
Funeral Home Website by Batesville®

Send Flowers      Send Card

## Obituary

forthcoming...

## 📖 Services

### Viewing

📅 **Thursday, October 3, 2024**

### Celebration of Life

📅 **Friday, October 4, 2024**

Privacy · Terms

**011**





**Allen G. Madison's**

6449 University Hills Boulevard
Dallas, TX 75241-2522

📞 214-376-1500
📠 214-376-1523

© 2019 - 25 Evergreen Memorial. All Rights Reserved.
Terms of Use | Privacy
Funeral Home Website by Batesville®

 Condolences

**R Bell** from Houston Texas, wrote on Sep. 30, 2024

❝ *Sincere condolences to the family. I am so very sorry for your loss. May God provide the necessary peace and comfort to your family and friends during this difficult time. Please remember these words of encouragement from the Bible: " Jesus plainly told her: "I am the resurrection and the life. He that exercises faith in me, even though he dies, will come to life." —John 11:20-25.*

| « | ‹ | Page 1 of 1 | › | » |

## Sign the Guestbook

Name *

> Name

Location

> Location

Video Link

> Link to Video (Youtube or Vimeo)

Image

Browse...  No file selected.

Light A Candle



Candle 1          Candle 2          Candle 3          Candle 4

Email *

> Email

☐ Please keep my message private

**012**





**Allen G. Madison's**

6449 University Hills Boulevard
Dallas, TX 75241-2522

📞 **214-376-1500**

📠 214-376-1523

© 2019 - 25 Evergreen Memorial. All Rights Reserved.
Terms of Use | Privacy
Funeral Home Website by Batesville®



Send Flowers          Send Card

**013**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

James Rheams on behalf of Vishal Iyer
Bar No. 24106134
James.Rheams@oag.texas.gov
Envelope ID: 97200247
Filing Code Description: Other Document
Filing Description: Appellee's Suggestion of Death
Status as of 2/10/2025 4:31 PM CST

Associated Case Party: Bryan Collier

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Rheams | | James.Rheams@oag.texas.gov | 2/10/2025 4:23:45 PM | SENT |
| Vishal Iyer | | vishal.iyer@oag.texas.gov | 2/10/2025 4:23:45 PM | SENT |